Clyde A. PERKINS, Plaintiff,

v.

STANDARD OIL COMPANY OF CALIFORNIA, a Delaware corporation, Lee Powell, Harris Oil Company, a corporation, and Harris Distributing Company, Defendants.

Civ. No. 331–59.

United States District Court
D. Oregon.

Oct. 26, 1961.

Alexander & Tilbury and Roger Tilbury, Portland, Ore., for plaintiff.

Clarence J. Young and Koerner, Young, McColloch & Dezendorf, Portland, Or., for defendant.

EAST, District Judge.

The plaintiff Clyde A. Perkins (Perkins) is a citizen of the State of Washington.

The defendant Standard Oil Company of California, a corporation (Standard), is a citizen of the State of Delaware and maintains offices and places of business within the State of Washington. The defendant Lee Powell (Powell) is a citizen of the State of Washington. The defendants Harris Oil Company, a corporation (Harris), and Harris Distributing Company (Distributing), are each citizens of the State of Oregon.

Perkins originally instituted these proceedings in the Superior Court of the State of Washington for the County of Clark against Standard under date of August 6, 1953, alleging in substance that Standard had entered into a consignment agreement with Perkins, Powell and a Dorothy M. Harris as coconsignees (Dorothy M. Harris having assigned her interest to Harris and Distributing) for consignment of petroleum products to the consignees for public sale and distribution, and particularly Perkins within the territory in Central Washington tributary to the City and County of Yakima. That thereafter Standard wrongfully notified Perkins that it would not furnish him with the petroleum products for distribution as aforesaid, all to his alleged damage.

In due time, Standard caused the proceedings to be removed to the United States District Court for the Western District of Washington, Southern Division (Tacoma) on the grounds of diversity of citizenship of the parties.

Thereafter, upon application of Standard, the cause was transferred to the United States District Court for the District of Oregon (Portland), upon the premise of convenience of the parties, pursuant to Title 28 U.S.C.A. § 1332.

Thereafter, Standard moved for the dismissal of the cause for failure to join as parties plaintiff Powell, Harris and Distributing, on the grounds that said parties were indispensable parties to Perkins' cause. Subsequently, Perkins, upon request, was granted leave to file an amended complaint herein designating Powell, Harris and Distributing as additional defendants. Perkins in his amended complaint realleges his cause against Standard, and further

*"Interests of Other Defendants*

"Lee Powell, Harris Oil Company and Harris Distributing Company have certain rights under the contracts as aforesaid to the extent set

forth in said agreements, but said parties decline to bring this action because they are presently doing business with defendant, Standard Oil Company of California, Inc."

Standard now moves, pursuant to Rule 12, F.R.Civ.P., 28 U.S.C.A. for an order dismissing the plaintiff's amended complaint on the grounds that there is not now diversity of citizenship between Perkins and Powell and that diversity jurisdiction of this Court is therefore wanting.

Powell, Harris and Distributing have each filed similar motions for an order dismissing plaintiff's amended complaint.

From the record before the Court, it does not appear that either Powell, Harris or Distributing, as coconsignees of the consignment agreement with Standard, are indispensable parties to Perkins' alleged cause in his amended complaint and should necessarily be joined with plaintiff herein. It does appear, however, that all of the consignees would be proper and necessary parties to any litigation against Standard by any one of them over a matter arising from the consignment agreement in order for a full and complete adjudication of such action. It follows then, that in the furtherance of justice all of the consignees ought to be parties to this cause.

If by the joining of Powell, Perkins' fellow citizen of Washington as a designated defendant, diversity jurisdiction of this Court is to be destroyed, Perkins in all probability will be relegated once again to either a state or United States district court in his home state, where he endeavored to litigate his cause in the first instance. This surely cannot be the outcome of the application of the Federal Rules of Civil Procedure.

Standard apparently desires a United States district court forum in view of its removal to Tacoma and requested transfer to Portland.

It appears that since all of the proper and necessary parties to plaintiff's alleged cause of action are now before it, this Court should keep them, proceed to exercise its original diversity jurisdiction, and adjudicate the case, if such is proper and permissible under the Federal Rules of Civil Procedure.

If the utilization of the "doctrine of realignment" of parties according to their real and true interests (in line or adverse) in the controversy is permissible in destroying apparent jurisdiction, it seems to this Court, as a corollary, that the doctrine should be utilized to avoid an illogical impasse and preserve original diversity jurisdiction when, by the joining of parties, it is apparently lost.

This presents the query: Can the status of Powell, and incidentally Harris and Distributing, as a named and apparent defendant, be realigned with the plaintiff to preserve the Court's original diversity jurisdiction? This Court suggests that it can.

"The designation of parties as plaintiff or defendant in formal pleadings is not determinative of their position for purposes of jurisdiction. If the parties are not properly aligned, as where a party is made a defendant when in truth and fact he is not adverse to the plaintiff, or vice versa, the court will realign the parties according to their interests before determining diversity.[2] [1] Thus, where suit was brought in (a Washington) court by (Perkins), a citizen of (Washington), against (Powell), a citizen of

1. "In an action by a nonresident liability insurer against insured and damage claimants against insured, all residents of the forum state, for a declaratory judgment, in which it appears that there is no controversy between the insurer and insured but that their interests are the same against the damage claimants, the insured is aligned against the co-citizen damage claimants, and jurisdiction fails. State Farm Mutual Automobile Ins. Co. v. Hugee, 4 Cir., 1940, 115 F.2d 298, 132 A.L.R. 188, citing Treatise. See also American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 1947, 164 F.2d 478, and cases cited therein."

(Washington), and (Standard), a citizen of (Delaware), removal was allowed because the controversy really existed between (Perkins) and (Powell) on the one side and (Standard) on the other; * * *." [Note: Parenthetical material is a paraphrase.] Moore's Federal Practice, Vol. 3, § 19.03, Realignment of Parties, pp. 2105–2106.

The foregoing expression of the doctrine is basically the same logical and judicious rationale used in determining the "proper cases" in which to permit the joining in a given cause of "an involuntary plaintiff," pursuant to Rule 19(a), F.R.Civ.P.

"When a person who 'should join as a plaintiff'—, i. e., (a) an indispensable or (b) a proper and necessary party plaintiff—refuses to join, he may be made a defendant, and this is the proper course to take when service of process may be had on him and venue requirements are met. Whether in diversity cases he should be realigned by the court as a plaintiff for jurisdictional purposes is subject to debate. On the theory that since recovery enures to his benefit and he should want what the plaintiff wants, he could be realigned as plaintiff." Moore's Federal Practice, Vol. 3, § 19.06, pp. 2147–2148.

Moore tells us that " 'in proper cases,' Rule 19(a) states that such a recalcitrant party may be made 'an involuntary plaintiff.' " The meaning and application of this phrase is illustrated by the decision in Independent Wireless Co. v. Radio Corp., 1926, 269 U.S. 459, 46 S.Ct. 166, 171, 70 L.Ed. 357. In this case, the owner of a patent refused to join with his exclusive licensee in an infringement case, and the court said:

"We * * * hold that, if there is no other way of securing justice to the exclusive licensee, the latter may make the owner without the jurisdiction a coplaintiff without his consent in the bill against the infringement. * * *"

Moore further advises us that the courts have limited the use of this doctrine to cases involving suits by licensees of patents or beneficial owners of copyrights; however, it would appear that these cases were dealing with indispensable parties rather than proper or necessary parties. Moore says: "An extension of the doctrine of the cases which have sanctioned involuntary joinder is warranted." Surely so in cases such as here to prevent a legal impasse when occasioned by procedures followed here. See McAulay v. Moody, C.C.D.O.1911, 185 F. 144 (see n. 10, Moore, supra, p. 2150), where a coobligee was left without a remedy, which could have been obviated by making the coobligee an involuntary plaintiff. This Court is firmly of the opinion that Perkins, under the allegations of his amended complaint, could have properly applied for the joining of Powell, Harris and Distributing as "involuntary plaintiffs" herein.

This Court concludes, under the doctrine of realignment of parties that the true and real interests of Powell, Harris and Distributing in the subject matter of this litigation are not adverse to Perkins and that Powell, Harris and Distributing should be realigned as plaintiffs. Further, that original diversity jurisdiction is maintained in this cause and the motions of Standard, Powell, Harris and Distributing for dismissal of plaintiff's amended complaint should each be denied.

Counsel for the plaintiff is requested to submit appropriate order of realignment of parties and denial of the several motions to dismiss in conformity herewith on or before seven days from the date of this opinion.