Joe REED and Buster Caviness, Appellants,

v.

Charles M. FORCHEIMER, d/b/a the Forcheimer Company, Appellee.

No. 23355.

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1966.

Roland H. Allen, Gassaway, Allen & Norman, Borger, Tex., for appellants.

Thomas Considine Braly, Pampa, Tex., Ben H. Stone, Jr., Stone & Stone, Amarillo, Tex., for appellee.

Before BROWN, COLEMAN and AINSWORTH, Circuit Judges.

PER CURIAM:

This diversity suit for damages for breach of contract was brought by Charles Forcheimer, citizen of Missouri, against Joe Reed and Buster Caviness, citizens of Texas. The suit was based on three memorandum written contracts for the purchase of items of structural steel from a dismantled carbon black plant. The defendants answered, denying liability, and counterclaimed against Forcheimer and one Jack Harder, citizen of Texas, alleging fraud and misrepresentation in the inducement of the contracts. They moved to dismiss for lack of diversity, claiming that Harder should be realigned on the side of Forcheimer and that under the rule in Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed.

435 (1806), since all of the parties on each side of the case would not then be of diverse citizenship, the suit must fall under 28 U.S.C.A. § 1332 for lack of diversity.

The trial judge reserved ruling on the question of jurisdiction and the case was tried on the merits to the court without a jury.

Harder had purchased the carbon black plant and sold it to Forcheimer, upon which a written agreement was then executed between them whereby Harder would dismantle the plant as an independent contractor and would be paid 40 per cent of the net profits of the venture after paying his own expenses. Harder had negotiated with Reed which led to the contracts between Forcheimer, as seller, and Reed, as buyer, acting for himself and Caviness. However, Harder was not a party to any of the three contracts which were executed between Forcheimer and Reed. The partnership of Reed-Caviness bought and paid for $51,671.21 of materials under the contracts after which they declined to receive further deliveries. The court found for plaintiff Forcheimer against defendants, who have appealed.

Appellants' assignments of error are directed to the contention that the court lacked jurisdiction of the case; that Harder was an indispensable party and should be joined as a plaintiff under Federal Rules of Civil Procedure, Rule 19; and that had he been realigned as a party with plaintiff Forcheimer there would have been no diversity of citizenship of all the parties on each side of the case. We hold that Harder was not an indispensable party, not being a party to the contracts between Forcheimer and Reed nor a third party beneficiary thereof, and though Harder was to receive a percentage compensation for demolishing the carbon black plant which was based on the net profits of Forcheimer's venture, Harder was not a joint obligee, nor was he a partner or joint venturer with Forcheimer. The court below, therefore, did not commit error in fail-

ing to require that Harder be realigned on the side of plaintiff and in not dismissing the suit which was properly prosecuted by the real party in interest, namely, Forcheimer. See Federal Rules of Civil Procedure, Rule 17(a).

Believing that the court had jurisdiction of this diversity suit, and there being no other error complained of, the judgment is

Affirmed.