Robert **EIKEL** and J. E. **Davey**,
Plaintiffs-Appellants,

v.

**STATES MARINE LINES, INC.,**
Defendant-Appellee.

No. 72–2445.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1973.

Rehearing and Rehearing En Banc Denied
March 26, 1973.

Presley E. Werlein, Jr., Robert Eikel, Houston, Tex., for plaintiffs-appellants.

Royston, Rayzor, Cook & Vickery, E. D. Vickery, W. M. Jensen, Houston, Tex., for defendant-appellee.

Before GOLDBERG, AINSWORTH and INGRAHAM, Circuit Judges.

GOLDBERG, Circuit Judge:

In this case involving the interaction of Rule 19, Fed.R.Civ.P. and diversity jurisdiction, plaintiffs, Eikel and Davey, two Texas lawyers, sued defendant corporation, States Marine, a citizen of Delaware and Connecticut, for attorneys' fees of some $82,500 owed for past legal services. Goller, also a Texas attorney and a former partner of Eikel and Davey at the time the legal services to States Marine were rendered, had previously made his own individual demand on defendant for some or all of the same fee; Goller, however, was not made a party to the original suit. The district

court, acting on defendant's motion to dismiss for non-joinder of a necessary party, found (1) that Goller, the absent party, was needed in the suit for a just adjudication; (2) that joinder of Goller, an involuntary party to the suit, could be only as a defendant; and (3) that joinder of Goller, a citizen of Texas, as a defendant would defeat jurisdiction because plaintiff and one defendant would then be non-diverse. Finding that the joinder was both essential and diversity-destroying, the court dismissed the suit "for want of jurisdiction over the subject matter." Plaintiffs bring this appeal, urging that the dismissal was error.

We agree with the district court that Goller's presence is necessary for the just adjudication of the main claim and that Goller should therefore be brought into the suit as a defendant. We find, however, that the district court erred in treating Goller as a defendant for diversity purposes. Since Goller properly should be aligned as a plaintiff, after being served as a defendant, the case is reversed and remanded for trial.

## I. NECESSITY OF JOINING GOLLER

■ Rule 19, as amended in 1966, provides, *inter alia:*

"(a) *Persons to be joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed in-

terest. If he has not been so joined, the court shall order that he be made a party. . . ."

Applying this Rule, the district court held that Goller, who apparently is claiming some or all of the same fee claimed by Eikel and Davey, must be joined in order for the action to proceed. With this conclusion we agree. The failure to join Goller could result in serious prejudice to States Marine by subjecting it to the possibility of Goller later coming in and collecting the same fee awarded to Eikel and Davey. On this appeal neither party is disputing either the necessity of Goller's joinder nor the impropriety of proceeding if Goller cannot be joined; it is therefore unnecessary to elaborate further on this point.

## II. JOINDER UNDER RULE 19(a): INVOLUNTARY PLAINTIFF OR DEFENDANT?

Rule 19 makes the following provision regarding the status of a party who must be joined:

". . . If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. . . ."

Here, the district court apparently viewed the *primary* dispute as being between plaintiffs, Eikel and Davey, on the one hand and Goller on the other, and ruled that Goller must be joined as a defendant. Eikel and Davey argue that Goller's claim is like their own claim first and foremost against defendant, States Marine, and that therefore the court erred in not joining Goller, adverse to defendant, as an "involuntary plaintiff." Defendant, responding that the involuntary plaintiff device is extremely limited and does not cover this case, insists that the only way Goller could be joined is as a diversity-destroying defendant. Neither party is completely correct.

■ Rule 19 mandates the joinder of an absent party as an "involuntary plaintiff" only *"in a proper case."*

[Emphasis added]. The precise scope of this "proper case" qualification has never been authoritatively resolved although it has engendered considerable discussion. *See e. g.*, 3A Moore's Federal Practice ¶19.06; Wright & Miller, 7 Federal Practice and Procedure § 1606. Both of the above commentators recognize that while the precise boundaries of the qualification have never been adequately explored by the courts, the device is a limited one. The Rule clearly does not mean that *whenever* an absent party is properly alignable as a plaintiff in a lawsuit, he should be brought in under Rule 19(a) as an "involuntary plaintiff."

The cases, which rarely discuss this aspect of Rule 19(a) explicitly, have been anything but consistent. *Compare* Neal v. Trim-Master, N.D.Miss., 1969, 48 F.R.D. 392; Davila-Mendez v. Vatican Shrimp Co., S.D.Tex., 1966, 43 F.R. D. 294 (absent party joined as "involuntary plaintiff"), *with* Davis v. St. Louis-Southwestern Ry. Co., W.D.La., 1951, 99 F.Supp. 751; Rosen v. Rex Amusement Co., D.D.C., 1952, 14 F.R.D. 75 (refused to join as "involuntary plaintiff"). *See also* Morrison v. New Orleans Public Service Inc., 5 Cir. 1969, 415 F.2d 419; Reed v. Forcheimer, 5 Cir. 1966, 368 F.2d 982; Perkins v. Standard Oil Co. of Cal., D.Or., 1961, 29 F.R.D. 16, aff'd, 9 Cir. 1965, 347 F.2d 379.

█ From our reading of the relevant authorities, we believe that this is not a proper case for joinder of the absent party as a Rule 19(a) "involuntary plaintiff." The "proper case" is meant to cover only those instances where the absent party has either a duty to allow the plaintiff to use his name in the action or some sort of an obligation to join plaintiff in the action. *E. g.*, Independent Wireless Telegraph Co. v. Radio

Corp. of America, 1926, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357; *see, generally* Moore's, *supra*; Wright & Miller, *supra*; Note, Diversity Jurisdiction in the Realignment of an Involuntary Plaintiff under Rule 19(a), 5 Utah L.Rev. 531 (1957).

█ The law generally disfavors forced joinder of a party as a plaintiff with whatever procedural handicaps that normally entails.[1] Under our adversary system the general rule is that only the party who initiates the lawsuit should be saddled with the procedural burdens of a plaintiff. For that reason, absent the "proper case" exception, where there is an obligation to join as a plaintiff, the preferred method is to designate and serve involuntary parties as defendants, regardless of their appropriate interest alignment. *See generally* Wright & Miller, 7 Federal Practice and Procedure § 1605 and cases cited therein. Although the scope of the involuntary plaintiff exception might possibly warrant broader treatment than it currently receives,[2] we do not believe that joinder as a Rule 19(a) "involuntary plaintiff" is appropriate in this case, where Goller is (a) under no pre-existing obligation to join Eikel and Davey's suit, and (b) amenable to the court's process as a defendant.

█ The interpretation urged by Eikel and Davey, that since Goller is a plaintiff vis-a-vis States Marine, he should be joined as an "involuntary plaintiff," is technically incorrect and would render the "in a proper case" qualification meaningless. For purposes of Rule 19(a), the district court did not err in joining Goller as a defendant.

## III. STATUS OF GOLLER FOR DIVERSITY PURPOSES

█ While Goller would properly be designated a "defendant" under Rule

---

1. *See* 7 Wright & Miller 58.

2. Both Moore's and Wright & Miller suggest that the involuntary plaintiff device be used more broadly to cover those situations where an absent party who is without the jurisdiction of the court, refuses to join the plaintiff, despite some obligation to do so, and by his refusal to join prevents the action from being able to proceed.

19(a) for purposes of process and procedure, in determining the status of the parties for diversity purposes, it is well established that the court must look beyond the pleadings to the matters actually in controversy. Alexander v. Washington, 5 Cir. 1960, 274 F.2d 349, 351; Scott v. Fancher, 5 Cir. 1966, 369 F.2d 842. As Wright and Miller state:

> "When a person is made a defendant because of his refusal to join as a plaintiff and jurisdiction is based on diversity of citizenship, the question whether he should be realigned as a plaintiff may arise. This is an important consideration inasmuch as under the requirement of complete diversity realignment may oust the court of subject matter jurisdiction."

7 Federal Practice and Procedure 48.[3] *See also* Davis v. St. Louis-Southwestern Ry. Co., *supra*; Standard Oil Co. of Cal. v. Perkins, *supra*; Ayers v. Ackerman, D.S.C.1971, 324 F.Supp. 814, 817; Amerada Petroleum Corp. v. Rio Oil Co., D.Wyo.1964, 225 F.Supp. 907; and cases cited in Wright & Miller, 7 Federal Practice and Procedure 97, n. 68. The appropriate inquiry therefore is not whether Goller should be joined as an "involuntary plaintiff" under Rule 19(a), rather the issue is on which side of the lawsuit should Goller be properly aligned once joined. Although both parties have joined issue on this point only in the Rule 19(a) context, where it is irrelevant, it has nonetheless been argued and it is the crucial question in the appeal.

The trial court in refusing to find Goller an "involuntary plaintiff" never explicitly reached the question of how to align him for diversity purposes. Defendant, although it wrongly directs its argument towards refuting Goller's status as an involuntary plaintiff, portrays the lawsuit as containing only one real issue—the dispute, between Eikel and Davey and Goller, as to who gets the fee. Since Eikel and Davey are already the plaintiffs it is argued that Goller can only be aligned on the opposite side as a defendant, thereby destroying diversity. Eikel and Davey, also mistakenly directing their arguments to Rule 19(a) status, contend that since Goller, like Eikel and Davey, is a plaintiff vis-a-vis States Marine, he should be deemed an involuntary plaintiff.

The cases that the defendant urges as dispositive, Haas v. Jefferson Nat'l Bank, 5 Cir. 1971, 442 F.2d 394, and Schutten v. Shell Oil Co., 5 Cir. 1970, 421 F.2d 869, are correctly cited only insofar as they support the dismissal of an otherwise properly brought federal diversity suit where joinder of a party under Rule 19 would destroy diversity. But those cases are inapplicable to the controlling issue, whether Goller, once joined, should be deemed a plaintiff or defendant for purposes of diversity. In both *Haas* and *Schutten* the absent party was more properly aligned in the context of the main action on the side of the defendant. There could have been no contention in either of those cases that the absent party was more properly aligned with the plaintiff as regards the original cause of action.[4]

In the instant case the problem is more complex. In essence, there are two

---

3. Professor Moore states the rule as follows:
 > "The citizenship of conditionally necessary and indispensable parties is important in cases where jurisdiction is founded upon diversity of citizenship. The designation of parties as plaintiff or defendant in the formal pleadings is not determinative of their position for purposes of jurisdiction.
 > "If the parties are not properly aligned, as where one party is made a defendant when in truth and in fact he is not adverse to the plaintiff, or vice versa, the court will realign the parties according to their interests before determining diversity. . . . "
 
 3A Moore's Federal Practice 2147–48.

4. In *Haas*, an Ohio plaintiff was suing a Florida bank for the rights to certain stock allegedly held by the bank. The bank claimed that the absent party, also a citizen of Ohio, had pledged the stock in question as collateral. In determining the main issue in the suit, entitlement to the

**964**

separate, albeit closely related, issues framed by the pleadings. First, the action for which the complaint was originally filed, the payment of the fees owed by States Marine to the law firm, and second, the division of the fee as among the then members of the firm. States Marine, now casting itself as a "disinterested stakeholder," seeks to have us treat the first issue as if it were not really present in the case. It has not, however, for reasons utterly inexplicable from its point of view, chosen to utilize the Rule 22 interpleader device, which would have allowed it to admit liability and leave the competing lawyers to fight it out. Aside from having been more convenient from its point of view, utilizing Rule 22 would have eliminated any complaint States Marine could possibly have as to the court's jurisdiction[5] or as to its protection from future liability for the same fee.

In short, if States Marine's attitude is something more than a sanctimonious neutrality between rival claimants to a fee legally due, it has not chosen to follow the normal course. Rather, it has chosen a path deliberately aimed at frustrating federal jurisdiction. We do not believe that Rule 19 should be employed in this fashion.

■ The appropriate way to characterize this action for purposes of diver-

sity is as it appeared in the original pleadings, a suit by a law firm against a client for attorneys' fees that have never been paid. When Goller is injected into the picture, his status, vis-a-vis this main claim, is as a plaintiff, and *only* as a plaintiff. As against the party who complains of his non-joinder, States Marine, Goller, who is claiming the same attorneys' fees as is Eikel and Davey, can only be an adversary. The crux of this suit is payment for services performed by the law firm of Eikel & Goller. The joinder of Goller for the purpose of protecting States Marine, potentially introduces the question of how the fee should be divided, but it does not eliminate the primary cause of action against States Marine. Viewed in this light, as we think it must be, Goller, who should be brought into the suit as a defendant under Rule 19, must then be realigned as a plaintiff for purposes of determining diversity. Once this realignment is accomplished, diversity remains undisturbed, since we are left with the two Texas plaintiffs on the one side, against the foreign defendant on the other.

■ We are not disregarding the potential dispute between Eikel and Davey and Goller for the fees, when and if they are paid. If and when the need to litigate that question arises,[6] the dis-

---

stock, the plaintiff was properly aligned *against* the absent party. In no sense could the absent party have been made a plaintiff as against the defendant bank. In *Schutten*, the plaintiff, a Louisiana citizen, sued Shell, a foreign corporation, for eviction from and accounting for various oil lands. The indispensable absent party, a Louisiana citizen, was the alleged owner-lessor of the land in question. There was no question that the plaintiff had to be aligned against Shell, which was admittedly only the lessee *and* the absent party lessor and that therefore the absent party had to be joined as a defendant. The sole issue on appeal in *Schutten* was the indispensability of the absent party. In neither case did the court even think it necessary to address the question of how to align the joined party for diversity purposes. In both cases, the court quite clearly was correct in aligning the joined party as a defendant.

5. It is clear that under the cases, since the claim of both Eikel and Davey and Goller are over $10,000 and since States Marine is diverse from both parties, Rule interpleader by way of counterclaim would have been available without destroying diversity. 7 Wright & Miller §§ 1708, 1710, *see* Stewart Oil Co. v. Sohio Petroleum Co., 7 Cir. 1963, 315 F.2d 759, cert. denied, Kline v. Sohio Petroleum Co., 375 U.S. 828, 84 S.Ct. 71, 11 L.Ed.2d 60; Brisacher v. Tracy-Collins Trust Co., 10 Cir. 1960, 277 F.2d 519; *cf.* Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, 73, n. 17, 60 S.Ct. 44, 84 L.Ed. 85, 90, n. 17.

6. There is evidence in the record that a state court suit between Eikel & Davy and Goller is pending. Of course this in no way moots the main claim against States Marine for the attorneys' fees which remain unpaid.

trict court will have ancillary jurisdiction over the admittedly non-diverse disputants. *See* Mission Ins. Co. v. Mackey, W.D.Mo.1971, 340 F.Supp. 824; Hook & Ackerman, Inc. v. Hirsh, D.D.C. 1951, 98 F.Supp. 477; Slauson v. Standard Oil Co., E.D.Wis.1939, 29 F.Supp. 497. Whatever may be the controversies *inter se* between the partners, they are ancillary to the claim for payment of a legal fee. Regardless of how the district court decides to treat the potential dispute between the attorney-claimants, it is clear that it can rule on States Marine's liability to the previous partnership of Eikel & Goller, and once Goller is joined, States Marine will be fully protected from any danger of double liability.

 It is well established that once the court properly has jurisdiction over the main claim, as it did here, it can then adjudicate other claims among the non-diverse parties that are closely related to the main claim and are ancillary to the main suit. This is so even where jurisdiction would otherwise be lacking over the ancillary claim. *See* Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co., 5 Cir. 1970, 426 F.2d 709; Schwab v. Erie Lackawanna Ry. Co., 3 Cir. 1971, 438 F.2d 62; Scott v. Fancher, *supra*, 369 F.2d at 844; Childress v. Cook, 5 Cir. 1957, 245 F.2d 798. As stated in 1 Moore's Federal Practice ¶0.90[3]:

"When a federal court has jurisdiction over the main cause of action, it also has jurisdiction over any proceedings ancillary to that action, regardless of the money involved, the citizenship of the parties, or the existence of a federal question in the ancillary suit. * * *

* * * * * *

Since cross-claims, compulsory counterclaims, and third party claims arise out of the main cause of action, they are ancillary to that action, and if there is federal jurisdiction over the main action, there is jurisdiction over these ancillary claims. * * *"
[Footnotes omitted.]

*See generally* Fraser, Ancillary Jurisdiction and the Joinder of Claims in Federal Courts, 33 F.R.D. 27 (1964); 7 Wright & Miller § 1610.

This reasoning is similar to that used in upholding jurisdiction of a Rule 22 interpleader where the claimants are diverse from the stakeholder but non-diverse from each other. Wright & Miller states:

"[F]ederal courts have chosen to proceed to the second stage of interpleader presumably on the notion that once diversity jurisdiction exists in a rule interpleader case, it is not lost when the stakeholder is discharged [leaving only non-diverse claimants] or by invoking the theory that there is ancillary jurisdiction over the second stage of the interpleader."

7 Wright & Miller 409. If ancillary jurisdiction among non-diverse co-claimants has been upheld in a Rule interpleader suit, *a fortiori*, it should be upheld here, where the supposed "stakeholder" has refused to deposit his money in court, thereby leaving the original claim essentially unresolved.

In summary, the district court erred in aligning Goller so as to defeat diversity. Having found that Goller's presence was necessary to the just settlement of the main action, the court should have had Goller joined as a defendant and *then* it should have realigned him as a plaintiff for purposes of determining diversity. Since Goller's only interest as to the main issue in the lawsuit would be adverse to States Marine, he should have been aligned, along with Eikel and Davey, as a plaintiff. Any dispute that arises as among the ex-law partners as to who is entitled to the fee would then be within the ancillary jurisdiction of the court.

 We think it appropriate to comment on defendant's consistently urged and somewhat perplexing contention that if we join Goller so as not to destroy diversity, States Marine will still be subjected to double liability and fur-

ther litigation because any judgment entered as among the lawyers themselves would be later vacated for want of jurisdiction.[7] Not only does this argument fail to recognize that once we decide that there is jurisdiction over both the entire action and over all the parties, this decision will be binding on the courts below, but it also continues to disregard the simple fact that this lawsuit, as filed, is a properly maintained suit against States Marine for attorneys' fees owed. If defendant's fears in this regard were bona fide, it simply could have filed a counterclaim under Rule 22, admitting liability and interpleading Goller. This would have totally protected States Marine from future litigation brought by either lawyer, and it would also have had the further benefit of expediting this lawsuit. Instead, defendant has attempted to manipulate Rule 19 so as to frustrate federal jurisdiction, and in the meantime it has avoided parting with even one cent of the fee which it self-righteously admits is owed. The Federal Rules were intended to be judicial economizers, applied with equitable considerations, *e. g.*, Morrison v. New Orleans Public Service Inc., *supra*; Broussard v. Columbia Gulf Transmission Co., 5 Cir. 1968, 398 F.2d 885. A party should not be encouraged to pick and choose among the Federal Rules in such a way as to cause delay and frustration as was done here.

We are not imbued with federal jurisdictional chauvinism, but we cannot permit the Rules to be manipulated at the behest of a non-Texas debtor so as to frustrate the payment of a debt to Texas residents. Though we are inclined to be parsimonious when it comes to federal jurisdiction, it is not for us to nullify diversity jurisdiction. States Marine's fears of the ogre of double liability having been quieted, let the litigation proceed.

The district court's dismissal for want of juridiction is vacated and the case is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

---

7. *E. g.*, the following from a letter sent by defendant to this Court:

"States Marine's concern here is that if the Court of Appeals requires Goller's joinder as an involuntary Plaintiff, notwithstanding the fact that the sole case and controversy is between Plaintiffs, Eikel & Davey on the one hand, and an involuntary Plaintiff, Goller, on the other, then after adjudication on the merits and the entry of a Final Judgment, the dissatisfied litigant will move. the lower Court to vacate the Judgment as void for lack of diversity jurisdiction, . . . If an Appellate Court should find that the lower Court

was without diversity jurisdiction because of Goller's joinder as an involuntary Plaintiff, then the Judgment would be void and all parties, States Marine included, would have to repair to the State Court for litigation anew. Moreover, in order for States Marine to adequately protect the monies deposited in the Registry of the Court and their subsequent disbursement upon Judgment, it would be compelled to remain in the litigation, contrary to the protection afforded innocent stakeholders, until the jurisdictional question is finally resolved as to all parties at the final appellate step."