Marguerite DOLCH, Plaintiff-Appellant,

v.

UNITED CALIFORNIA BANK, a corporation; and Catherine D. McAndrew, Defendants-Appellees.

No. 82–5214.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1982.

Decided March 22, 1983.

Andrew E. Katz, Leff & Stephenson, Beverly Hills, Cal., for plaintiff-appellant.

William W. Watts, Price, Postel & Parma, Peter N. Brown, Hatch & Parent, Santa Barbara, Cal., for defendants-appellees.

Before ELY, SNEED, and ALARCON, Circuit Judges.

SNEED, Circuit Judge:

Appellant Marguerite Dolch filed this action for declaratory judgment and an accounting against United California Bank and Catherine McAndrew. The district court dismissed the action for lack of jurisdiction.[1] We affirm.

## I.

### FACTS AND ISSUES

Marguerite Dolch and Catherine McAndrew were two of the five children of Dr. Edward Dolch and Marguerite Pierce Dolch. Dr. and Mrs. Dolch, both now deceased, were noted educators who coauthored over one hundred copyrighted works in reading instruction. Each owned a half-interest in the copyrights to the bulk of these works. When Dr. Dolch died, his interest was transferred to a testamentary trust for the lifetime benefit of his wife and then for the benefit of his children and grandchildren. Mrs. Dolch transferred her one-half interest to an inter vivos trust for the same beneficiaries soon thereafter.

Under the Copyright Act of 1909, which governs this case, a right to renew a copyright for twenty-eight years vests in the author or designated successors.[2] Although the transfers disposed of all rights to the initial twenty-eight year copyright, they left the right of renewal to vest in Mrs. Dolch and her five children. In order to place these interests in trust, Mrs. Dolch and the children executed assignments of the renewal rights to the Bank, which was the sole trustee of the testamentary trust and cotrustee of the inter vivos trust.

Marguerite Dolch brought this case to overturn the assignments. Claiming that the assignments were invalid because they were gifts and lacked consideration, she sought an accounting and a declaration that she and her two surviving siblings, Catherine McAndrew and Eleanor LaRoy, were each owners of an undivided one-third interest in the renewal rights.

Marguerite's lawsuit was brought against the Bank, which was a trustee of both trusts, and Catherine McAndrew, a cotrustee of the inter vivos trust. Marguerite alleged jurisdiction under 28 U.S.C. § 1338(a), which grants the district courts exclusive jurisdiction in civil actions "arising under" Acts of Congress relating to copyright. She believed her case "arose under" section 28 of the Copyright Act,[3]

---

1. As the district court appears to have intended the dismissal of the amended complaint as a final adjudication, its order is appealable. *See Walsh v. United States,* 672 F.2d 746, 747 (9th Cir. 1982).

2. Section 24, 17 U.S.C. app., at 170–71 (Supp. 1982), provides in part:

   The copyright secured by this title shall endure for twenty-eight years from the date of first publication, . . . *Provided,* That in the case of any posthumous work or of any periodical, cyclopedic, or other composite work upon which the copyright was originally secured by the proprietor thereof, . . . the proprietor of such copyright shall be entitled to a renewal and extension of the copyright in such work for the further term of twenty-eight years . . . *And provided further,* That in the case of any other copyrighted work,

including a contribution by an individual author to a periodical or to a cyclopedic or other composite work, the author of such work, if still living, or the widow, widower, or children of the author, if the author be not living, or if such author, widow, widower or children be not living, then the author's executors, or in the absence of a will, his next of kin shall be entitled to a renewal and extension of the copyright in such work for a further term of twenty-eight years . . . .

3. Section 28, 17 U.S.C. app., at 172 (Supp. 1982), provides:

   Copyright secured under this title or previous copyright laws of the United States may be assigned, granted, or mortgaged by an instrument in writing signed by the proprietor of the copyright, or may be bequeathed by will.

which provides for assignments of copyrights.

The Bank moved to dismiss Marguerite's complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The district court granted the motion, but allowed Marguerite to amend her complaint to plead diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction appeared proper because Marguerite was a New York resident, while the Bank and Catherine were residents of California. The grandchildren and great-grandchildren whose interests in the renewal rights were created by the assignments intervened, asking the district court to realign Catherine McAndrew as a plaintiff and so defeat diversity jurisdiction. The court, finding that Catherine had the same ultimate interest in the outcome of the action as Marguerite, agreed and dismissed the complaint. Marguerite now appeals the dismissal.

## II.

### FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1338

Section 1338 confers exclusive jurisdiction on federal courts for "any civil action arising under any Act of Congress relating to . . . copyrights." An action arises under the Copyright Act of 1909, "if and only if the complaint is for a remedy expressly granted by the Act, . . . or asserts a claim requiring construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 828 (2nd Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965); *Topolos v. Caldewey,* 698 F.2d 991, 993 (9th Cir.1983). Section 28 permits copyrights to be assigned by an instrument in writing or by testament, and Marguerite argues that her complaint requires the court to determine whether section 28 also permits an assignment to be given as a gift. We disagree.

The question posed is not one that requires an interpretation of the Copyright Act or a weighing of its policies. The nature and scope of renewal rights, as well as their assignability, are federal questions, but the conditions for valid assignment are not. Thus, federal questions are presented by such issues as the class of persons in whom renewal rights can vest, *De Sylva v. Ballentine,* 351 U.S. 570, 76 S.Ct. 974, 100 L.Ed. 1415 (1956), or whether renewal rights are property that can be assigned under section 28, *Fred Fisher Music Co. v. M. Witmark & Sons,* 318 U.S. 643, 63 S.Ct. 773, 87 L.Ed. 1055 (1943) (interpreting section 42, the predecessor to section 28), but whether an assignment of renewal rights without consideration is a valid assignment is a state law question. As Judge Friendly stated in *T.B. Harms,* "the federal grant of a patent or copyright has not been thought to infuse with any national interest a dispute as to ownership or contractual enforcement turning on the facts or on ordinary principles of contract law." 339 F.2d at 826. Contract questions that depend on common law or equitable principles belong in state court. *Elan Associates, Ltd. v. Quackenbush Music, Ltd.,* 339 F.Supp. 461, 462 (S.D.N.Y.1972), *cited in Topolos,* 698 F.2d at 994.

The federal courts have consistently dismissed complaints in copyright cases that present only questions of contract law, including those pertaining to the validity of assignments. In *T.B. Harms,* for example, the Second Circuit affirmed a dismissal for lack of jurisdiction under section 1338 where the only issue was whether the defendant had earlier assigned his renewal interest to the principal shareholder of the plaintiff. In *Elan Associates* the district court held that it had no jurisdiction to determine whether fraud infected an assignment of exclusive publishing rights, an issue the defendant was litigating in state court. And in a case similar to this one, *Cresci v. Music Publishers Holding Corp.,* 210 F.Supp. 253 (S.D.N.Y.1962), the district court held that it had no jurisdiction to set aside an assignment of renewal rights for lack of consideration, coercion, and fraud. The fact that renewal rights were the subject of the assignment did not create federal jurisdiction. *Id.* at 256–57. Absent a

claim of infringement or a separate basis for jurisdiction, the plaintiffs' claims did not involve any questions of interpretation or policy arising under the copyright laws. *Id.* at 257.

■ It follows from these principles that Marguerite's claim of invalidity for lack of consideration also rests entirely on state law. Her failure to raise a substantive federal law claim also defeats jurisdiction under 28 U.S.C. § 1331. The two noncopyright cases she cites to demonstrate general federal question jurisdiction, *Garrett v. Time-D.C. Inc.,* 502 F.2d 627 (9th Cir.1974), *cert. denied,* 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975), and *North Davis Bank v. First National Bank,* 457 F.2d 820 (10th Cir.1972), turned on construction of specific provisions of federal law. That is not the case here. These cases are not apposite. We therefore affirm the district court's dismissal for lack of subject matter jurisdiction.

### III.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

■ Marguerite also contends that the district court had diversity jurisdiction. Section 1332 confers jurisdiction on federal courts when each defendant is a citizen of a different state from each plaintiff. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373–74, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978); *Indianapolis v. Chase National Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 (1941). The requirement would be met if the parties were taken as aligned in the complaint, because Marguerite is a citizen of New York and United California Bank and Catherine McAndrew are both citizens of California. This alignment, however, is not binding on the courts. *Id.; see, e.g., Eikel v. States Marine Lines, Inc.,* 473 F.2d 959, 963 (5th Cir.1973); *Dryden v. Dryden,* 265 F.2d 870, 873 (8th Cir. 1959). The courts, not the parties, are responsible for aligning the parties according

to their interests in the litigation. *Indianapolis,* 314 U.S. at 69, 62 S.Ct. at 16. If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes. *Id.* at 69–70, 62 S.Ct. at 16–17. Realignment may be required even if a diversity of interests exists on other issues. In *Eikel,* for instance, the Fifth Circuit aligned a lawyer with his ex-partners in a lawsuit against a client to recover their fee, even though the lawyer was apparently suing the others in state court over the division of the fee. *See* 473 F.2d at 964 & n. 6.

■ In line with these principles the district court realigned Catherine as a plaintiff because it found that she had the same interest in this action as Marguerite. Indeed, the court found that Catherine, not Marguerite, was the "driving force" behind the action. Both Catherine and Marguerite would benefit from a decision against the Bank; both would receive a one-third interest in the renewal rights if the assignments were invalidated. Marguerite has offered no reason for us to distinguish Catherine's personal interests from her interests as cotrustee, and to credit only the latter. Catherine, who in her answer to the complaint admitted all of Marguerite's allegations, has pursued only her personal interests throughout the litigation. It was proper to classify her as a plaintiff.

■ Catherine's indispensability as a cotrustee does not preclude her realignment as a plaintiff. While Fed.R.Civ.P. 19 can require that indispensable parties be joined, it does not dictate their alignment. *See Eikel,* 473 F.2d at 962–64. In this case indispensability could not dictate alignment. Catherine also was indispensable in her capacity as a beneficiary. *See Walsh v. Centeio,* 692 F.2d 1239, 1243 (9th Cir.1982). Therefore, if alignment followed indispensability she would have to be aligned on both sides of the case.[4]

---

4. Contrary to Marguerite's contentions, realignment does not raise any res judicata problems.

Catherine's participation in the litigation and her individual interest in the outcome would

Realignment of Catherine as a plaintiff places citizens of California on both sides of the dispute and destroys diversity jurisdiction. The district court properly so held.

The judgment of the district court is affirmed.

AFFIRMED.

have bound her in her individual capacity even had she not been a party, *see* 1B J. Moore, *Moore's Federal Practice* 0.411[6] (2d ed. 1982 & Supp. 1982–1983), and there would have been no bar to her offensive use of a favorable judgment.