**Ruth LYKINS, et al., Plaintiffs,**

v.

**WESTINGHOUSE ELECTRIC, et al., Defendants.**

**Civ. A. No. 85–508.**

United States District Court, E.D. Kentucky, London Division.

Aug. 26, 1988.

D. David Altman, Cincinnati, Ohio, Robert Reeves and Daniel R. Dolan, Lexington, Ky., Robert Ehrler, Office of Gen. Counsel, Frankfort, Ky., for Kentucky Natural Resources & Environmental Protection Cabinet, intervening plaintiff.

Timothy Vanderver, Jr., Patton, Boggs & Blow, Washington, D.C., A. Douglas Reece, Reece, Lang, Aker & Breeding, London, Ky., Mark R. Feather, Brown, Todd & Heyburn, Louisville, Ky., Joseph Karaganis, Karaganis & White, Ltd., Chicago, Ill., and Craig Dance, Cors & Bassett, Fort Mitchell, Ky., for defendants.

## MEMORANDUM

SILER, Chief Judge.

This action seeks declaratory and injunctive relief, statutory response costs, and common law compensatory damages for individuals who live near a landfill in Laurel County, against corporations which have allegedly illegally dumped hazardous wastes there. On February 29, 1988, the Court dismissed the pendent state law claims. This action is now before the Court on plaintiffs' motion to reconsider the Order dismissing the state claims as being pendent, plaintiffs' motion to amend their complaint to allege diversity jurisdiction over state claims, and defendants' motion to join the owner of the landfill as an indispensable party.

Plaintiffs assert that the Court erred when it dismissed the state claims as being pendent, as the Court has mandatory jurisdiction over state claims due to diversity of citizenship between the plaintiffs and the defendants. Plaintiffs have tendered an amended complaint which sets forth diversity with greater precision than the previous complaints. In response, defendants have moved to join the owner of the landfill as an indispensable party. As such joinder would defeat diversity jurisdiction, and the Court could then dismiss the state claims as being pendent, the question of whether the site owner is an indispensable party is the pivotal issue. For the following reasons the Court finds that the owner is an indispensable party defendant. Therefore, although plaintiffs' motion to amend their complaint will be granted, plaintiffs' motion to reconsider will be denied, and defendants' motion to join an indispensable party will be granted.

### Defendants' Motion To Join An Indispensable Party

Defendants have moved, pursuant to Rule 19, Fed.R.Civ.P., to join the owner of the landfill as an indispensable party. Rule 19(a) provides, in pertinent part:

*Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if

(1) in the person's absence complete relief cannot be accorded among those already parties, or

(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

(i) ... impair or impede the person's ability to protect that interest. ...

### A. Necessary party under Rule 19(a)(1)

The site owner is a necessary party under Rule 19(a)(1), as complete relief cannot be accorded among those already parties, in his absence. Plaintiffs' RCRA and FWPCA claims against Westinghouse seek abatement of leakage from the landfill site, as well as cleanup activities on the landfill site and contiguous properties owned by the plaintiffs. However, none of the parties in the instant action own any interest

in the property on which the landfill is located. In the absence of an ownership interest, neither the plaintiffs nor Westinghouse has the authority to enter onto the property to conduct the cleanup activities. The intervening plaintiff, Kentucky Natural Resources and Environmental Protection Cabinet (KNREPC), does have authority to enter the landfill to conduct a cleanup, pursuant to KRS § 224.033. However, plaintiffs may determine to enjoin Westinghouse to conduct additional cleanup, or to begin more quickly, or to continue longer than KNREPC proposes to do. If Westinghouse has no authority to enter the property, complete relief cannot be accorded absent joinder of the site owner. Thus the site owner is a necessary party under Rule 19(a)(1).

### B. Necessary party under Rule 19(a)(2)

The site owner is a necessary party under Rule 19(a)(2), as disposition of this action, absent the site owner's participation, will impair his ability to protect his property interests. Plaintiffs, intervenor, defendants, and their various representatives would have to be allowed onto the property, regardless of whether the site owner would permit such an entry. In order to remedy the leakage from the landfill, parts of the property would have to be dug up, and permanent structures placed on the property. Access to the property might be affected temporarily and perhaps permanently. The site owner's future use of the property as a landfill might be restricted and possibly permanently denied. Thus, absent the joinder of the site owner, his property interest would be impaired, and he is a necessary party under Rule 19(a)(2)(i). *See Steel Valley Authority v. Union Switch and Signal Division*, 809 F.2d 1006 (3d Cir.1987), *cert. dismissed*, —— U.S. ——, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988).

Plaintiffs cite *United States v. Northeastern Pharmaceutical and Chemical Co.*, 579 F.Supp. 823, 845 at n. 26 (W.D.Mo. 1984), *aff'd in part and rev'd in part on other grounds*, 810 F.2d 726 (8th Cir.1986), for the proposition that a CERCLA action does not require the joinder of the site owner. However, the instant suit is also premised on RCRA and FWPCA. In fact, it is the claims for equitable relief based on RCRA and FWPCA that require the joinder to the site owner, so that, in the event plaintiffs prevail, the site owner can be enjoined to allow cleanup activities to be carried out on the landfill site. Although the Court does not now rule on whether private plaintiffs are afforded injunctive relief under CERCLA, the Court notes that there is persuasive authority that they are not. *See New York v. Shore Realty Corp.*, 759 F.2d 1032, 1049 (2d Cir.1985). If private plaintiffs have no cause of action for injunctive relief under CERCLA, then CERCLA cases are inapplicable to the issue of whether the site owner is a necessary party when the plaintiffs are private citizens and the claim for relief is equitable.

Plaintiffs also assert that, if the site owner is necessary, he should be aligned as a plaintiff. This argument has some merit, as it would appear that the site owner would be as interested as the plaintiffs in having the corporations allegedly responsible for the condition of the landfill effect cleanup. However, as the site owner has not intervened as a plaintiff, the Court must conclude that he does not join plaintiffs' interests in this action. Plaintiffs assert that the site owner has fully cooperated with them, but past cooperation does not guarantee future cooperation. If, in the future, the site owner refuses access to his property, plaintiffs could not be accorded the injunctive relief they seek. Full relief can only be accorded if the site owner is joined in this action, and enjoined to allow access to the landfill. As he has not intervened as a plaintiff, he will be joined as a defendant. *See 3A Moore's Federal Practice* ¶ 19.03 (2d ed. 1987)

### C. Indispensable party under Rule 19(b)

Joinder of the site owner as a defendant defeats diversity, as the plaintiffs and the site owner are all citizens of Kentucky. Therefore the Court must determine whether the site owner is indispensable under Rule 19(b), thus requiring the dismissal

of plaintiff's state law claims. Rule 19(b) states, in pertinent part:

> *Determination by Court Whenever Joinder Not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in a person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

As the Court has determined that the site owner falls into the categories described in Rule 19(a)(1) and (a)(2), and the site owner may not be joined for purposes of the state law claims because diversity jurisdiction would be destroyed, the Court must determine under Rule 19(b) whether "in equity and good conscience" determination of state law claims should proceed without the site owner, or whether the site owner is indispensable and the state law claims should be dismissed.

Rule 19(b) provides four factors to be taken into consideration in determining whether a party is indispensable. The first factor, prejudice to the site owner, has been explored in the 19(a) analysis, and the Court has determined that the site owner's absence would be prejudicial to his property interest.

The second factor of Rule 19(b) requires the Court to determine whether the prejudice to the parties can be lessened by shaping the relief. In this case, granting injunctive relief to the plaintiffs and protecting the site owner's property interest are mutually exclusive propositions. The injunctive relief sought by the plaintiffs can-

not be shaped to lessen the prejudice to the site owner.

The third factor requires the Court to consider whether a judgment rendered in the site owner's absence would be adequate. This factor was considered in the Rule 19(a) analysis, and the Court concluded that the site owner was necessary to accord the plaintiffs complete relief, in the event KNREPC did not abate the leakage to the plaintiffs' satisfaction.

Finally, the fourth factor requires the Court to determine whether the plaintiffs will have an adequate remedy if their state law claims are dismissed for nonjoinder. Plaintiffs do have an adequate remedy for their state law claims, as they may pursue claims for injunctive relief and compensatory damages based on common law tort concepts in state court, in the suit which has been filed there. Thus, consideration of each of the Rule 19(b) factors leads to the conclusion that the site owner is an indispensable party to the instant action. Accordingly, defendants' motion to join an indispensable party will be granted.

*Plaintiffs' Motion To Reconsider and To Amend the Complaint*

As defendants' motion to join an indispensable party will be granted, there will no longer be complete diversity. As the Court no longer has mandatory jurisdiction over the state law claims, the Court may, at its discretion, dismiss the state claims as being pendent. Plaintiffs' motion to reconsider the Court's dismissal of pendent state law claims will be denied. The Court will retain jurisdiction over claims premised on federal statutes, and the site owner will be joined as a party defendant. Although it appears that plaintiffs' motion to amend their complaint, to allege diversity with greater particularity, is now moot, the motion will be granted. *See Howard v. De-Cordova,* 177 U.S. 609, 614, 20 S.Ct. 817, 819, 44 L.Ed. 908 (1900); *Kelly v. Kentucky Oak Mining Co.,* 491 F.2d 318, 320 (6th Cir.1974).