Ruth **LYKINS, et al., Plaintiffs,**

v.

**WESTINGHOUSE ELECTRIC CORP.,
et al., Defendants.**

**Civ. A. No. 85–508.**

United States District Court,
E.D. Kentucky,
at London.

May 22, 1989.

D. David Altman, Cincinnati, Ohio, Robert Reeves and Daniel R. Dolan, Lexington, Ky., for plaintiffs.

Robert Ehrler, Office of Gen. Counsel, Frankfort, Ky., for Ky. Natural Resources & Environmental Protection Cabinet, intervening plaintiff.

Joseph Karaganis, Karaganis & White Ltd., Chicago, Ill., Mark R. Feather, Brown Todd & Heyburn, Louisville, Ky., A. Douglas Reece, Reece Lang Aker & Breeding, London, Ky., Timothy Vanderver, Jr., Patton Boggs & Blow, Washington, D.C., and Craig Dance, Cors & Bassett, Fort Mitchell, Ky., for defendants.

## MEMORANDUM

SILER, Chief Judge.

This action seeks declaratory and injunctive relief, statutory response costs, and common law compensatory damages for individuals who live near a landfill in Laurel County, against corporations which have allegedly illegally dumped hazardous wastes there. Currently before the Court are defendant Westinghouse's motion for summary judgment on the second and third causes of action, plaintiffs' motion to realign the landowner as a plaintiff, and defendants' joint motion for sanctions. For the following reasons, Westinghouse's motion for summary judgment will be denied, plaintiffs' motion for realignment will be granted, and defendants' joint motion for sanctions will be denied.

*Westinghouse's Motion for Summary Judgment*

■ Westinghouse bases its motion on the nearly identical language in the Federal Water Pollution Control Act (FWPCA) at 33 U.S.C. § 1365(b)(1)(B), and the Resource Conservation and Recovery Act (RCRA) at 42 U.S.C. § 6972(b)(1)(B), which limits citizen suits as follows:

(b) *Notice* No action may be commenced—

(1) under subsection (a)(1) of this section—

\* \* \* \* \* \*

(B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.

FWPCA, 33 U.S.C. § 1365(b)(1)(B).

(b) *Actions prohibited*

(1) No action may be commenced under subsection (a)(1)(A) of this section—

\* \* \* \* \* \*

(B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States or a State to require compliance with such permit, standard, regulation, condition, requirement, prohibition, or order.

RCRA, 42 U.S.C. § 6972(b)(1)(B).

Westinghouse asserts that, as the Kentucky Natural Resources and Environmental Protection Cabinet (Cabinet) began an administrative action on August 10, 1984, almost sixteen months before this action was filed, counts two and three of this action, which are based on FWPCA and RCRA, are precluded by the above statutory language.

Four courts have interpreted the statutory language concerning citizen suits when the state has already begun an administrative action. In *Baughman v. Bradford Coal Co.*, 592 F.2d 215 (3d Cir. 1979), the court first held that in certain circumstances an administrative hearing

can be the equivalent of a court action. It then held that the court should measure the power of the administrative agency against that of the court to determine whether the administrative action was similar enough to a court action to fall within the statutory language. *Id.* at 217–19; *see also SPIRG v. Fritzsche, Dodge & Olcott, Inc.,* 759 F.2d 1131 (3d Cir.1985). In *Friends of the Earth v. Consolidated Rail Corp.,* 768 F.2d 57 (2d Cir.1985), the Second Circuit rejected this rationale, stating it would be inappropriate to expand the statutory language to include administrative enforcement actions. *Id.* at 62. The Ninth Circuit adopted the *Friends of the Earth* rationale, and held that the plain language of the statute provided that only an ongoing action in a court, rather than an administrative agency, would preclude a citizen suit. *Sierra Club v. Chevron U.S.A., Inc.,* 834 F.2d 1517, 1525 (9th Cir.1987). At least one District Court outside these circuits has followed the *Friends of the Earth* interpretation in *Maryland Waste Coalition v. SCM Corp.,* 616 F.Supp. 1474, 1478–81 (D.Md.1985). This Court also adopts the *Friends of the Earth* rationale.

It is a "familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed. 2d 766 (1980). Moreover, when a court finds the language of a statute to be clear and unambiguous, "judicial inquiry is complete, except in rare and exceptional circumstances." *Friends of the Earth, supra,* at 62–63 (quoting *Garcia v. United States,* 469 U.S. 70, 105 S.Ct. 479, 83 L.Ed. 2d 472 (1984)). There has been no showing of exceptional circumstances in the instant case, nor does the Court find any. Thus the plain meaning of the statute applies, and a citizen suit is precluded by an action already commenced and being diligently prosecuted in a court. Therefore the instant case is not precluded by the Cabinet's administrative action against Westinghouse (which was voluntarily dismissed, subsequent to the Cabinet's intervention in this suit), and Westinghouse's motion for summary judgment on plaintiffs' second and third causes of action will be denied.

*Plaintiffs' Motion to Realign the Landowner as a Plaintiff*

■ On August 26, 1988, this Court ordered the landowner to be joined as a defendant, based on his status as a necessary party under Fed.R.Civ.P. 19. 710 F.Supp. 1122. Plaintiffs have now moved to realign the landowner as a plaintiff. As the landowner's interests are more closely aligned with those of the plaintiffs, the motion will be granted.

The citizenship of a necessary party is crucial when jurisdiction is premised on diversity. If the parties are not properly aligned, as where one party has been made a defendant when in fact his interest is not adverse to the plaintiffs, the Court must realign the parties according to their interests before determining diversity. *Grant County Deposit Bank v. McCampbell,* 194 F.2d 469 (6th Cir.1952); *Eikel v. States Marine Lines,* 473 F.2d 959 (5th Cir.1973); 3A Moore's Federal Practice ¶ 19.03 (2d ed. 1987). In the instant case, jurisdiction is premised on federal statutes, but plaintiffs appended state law claims. If diversity jurisdiction exists, then the state law claims are no longer merely pendent, and the Court must exercise its mandatory jurisdiction over claims between citizens of different states. 28 U.S.C. § 1332.

When the landowner was ordered to be joined as a defendant, the Court was concerned that the landowner, despite past cooperation with the plaintiffs, might deny access to the site in the future, and thus be adverse to the plaintiffs. Additionally, there is authority that a Rule 19 necessary party must be joined as a defendant, then realigned if necessary. *Eikel, supra;* 3A Moore's Federal Practice ¶ 19.06 (2d ed. 1987). The landowner addressed the Court's concern of adverseness to the plaintiffs in his declaration of November 22, 1988, by declaring under penalty of perjury that he will allow reasonable access to the site for any inspection, testing, or cleanup

ordered by the Court. It now appears that the landowner shares plaintiffs' interest in having the site inspected, tested, and, if necessary, cleaned up. The landowner's declaration persuades the Court that the landowner's interests are closer to the plaintiffs' than the defendants' interests. Thus the landowner will be realigned as a plaintiff.

Defendants assert that there is no factual or legal basis for reconsideration of the Court's previous alignment of the landowner as a defendant. The legal standard the Court must apply is whether the landowner's interest is more closely that of the plaintiffs or defendants. *Grant County, supra; Eikel, supra.* The legal standard has not changed. It is the facts that have changed, as the Court now has the landowner's declaration that he will allow access to his land for any inspection, testing, and cleanup that the Court might order. This declaration places his interests with the plaintiffs, who maintain that inspection, testing, and cleanup are necessary, rather than the defendants, who maintain they are not.

Defendants also assert that there is a substantial conflict between the plaintiffs and the landowner, in that the landowner is strictly liable under CERCLA Section 107, 42 U.S.C. § 9607, for the cost of responding to or removing the alleged contamination from the site. The Court is not persuaded by this argument. First, although the statute provides that a landowner may be liable for effecting cleanup, plaintiffs have not sought that relief. In the fourth amended complaint, plaintiffs make clear they do not name the landowner as a defendant, except pursuant to the Court's instructions, even though statutorily they have a right to do so.

Defendants further assert that the landowner's interest in unrestricted use of and access to his property is adverse to the plaintiffs' claim for injunctive relief pursuant to FWPCA and RCRA. While this tenet is true in the abstract, it does not apply in the instant case, as the landowner has declared that he will allow access to the site to effect cleanup ordered by the Court.

Defendants last assert that the landowner cannot be aligned as a plaintiff, as "one cannot buy a lawsuit." *United States v. Inmont Corp.*, No. 86–27, Order at p. 5 (E.D.Ky., Lex. Div., November 14, 1986). However, the quoted passage from *Inmont* is dicta, as the court's holding was based on the applicable statute of limitations. Additionally, the landowner in *Inmont* knew of the contamination before he purchased the property, but in the instant case the landowner had no prior knowledge of the alleged contamination, and thus did not buy a lawsuit. Therefore this Court is not bound by the language in *Inmont, supra.*

Accordingly, plaintiffs' motion to realign the landowner as a plaintiff will be granted. The Court, *sua sponte*, will vacate the Orders of February 29, 1988, and August 26, 1988, insofar as they dismiss the state claims as being pendent. However, it appears that the allegations of citizenship necessary to establish jurisdiction of this Court are defective. *See Stanley Electric Contractors, Inc. v. Darin & Armstrong Co.*, 486 F.Supp. 769 (E.D.Ky.1980); Form 2, Fed.R.Civ.P. The plaintiffs will be granted a period of fourteen (14) days from the date of this Order within which to show cause why the state claims should not be dismissed for lack of jurisdiction.

*Defendants' Joint Motion for Sanctions*

Defendants have moved for sanctions pursuant to Fed.R.Civ.P. 11, for plaintiffs' reassertion of their realignment argument. However, as the Court has granted plaintiffs' motion to realign, sanctions are not appropriate, and defendants' motion for sanctions will be denied.