**PETER STARR PRODUCTION CO.,**
Plaintiff-Appellant,

v.

**TWIN CONTINENTAL FILMS, INC.**
**and Gautam Das,**
Defendants-Appellees.

No. 85–5693.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 1986.

Decided March 4, 1986.

---

Stephen R. Rohde, Paul S. Levine, Law Office of Stephen F. Rohde, Los Angeles, Cal., for plaintiff-appellant.

David Gardner, Los Angeles, Cal., for defendants-appellees.

Before ANDERSON, PREGERSON, and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge.

Appellant Peter Starr Production Co. ("Starr") appeals from the judgment of the district court dismissing its copyright infringement action against Twin Continental Films, Inc. ("Twin") and Gautam Das, its manager, for lack of subject matter jurisdiction under 28 U.S.C. § 1338(a) (1982). Starr contends that the district court erred in concluding as a matter of law that Twin committed no act in the United States that violates United States copyright law and abused its discretion in dismissing the com-

plaint without leave to amend. We reverse and remand.

## PLAINTIFF'S ALLEGATION OF FACTS [1]

Starr created an original motion picture entitled "Take It to the Limit" ("the motion picture"). The motion picture and its soundtrack were properly copyrighted on July 10, 1980, and Starr has since that time complied with the Copyright Act in preserving that copyright for itself.

In May of 1983, Starr authorized Roger Riddell, a business acquaintance and agent, to "explore the possibility" of finding European distributors for a number of films including "Take It to the Limit," but specifically told him that he had no authority to bind Starr. By late June, Riddell obtained several offers for the rights to the motion picture from Alpha Films Limited ("Alpha"), but Starr rejected all of them.

On or about June 10, 1983, without authority from Starr, Twin entered into a license agreement with Alpha purporting to grant to Alpha "the exclusive license to exhibit" the motion picture in certain areas outside the United States. The license agreement was negotiated in Cannes, France, but notes on its face that it was signed in Los Angeles, California.

On August 3, Starr was shown a copy of the Twin-Alpha license agreement by an agent of Star Media Sales (no relation to Starr). Starr told the agent that Starr was not interested in dealing with Alpha and the agent informed Alpha of this.

On August 16, 1983, Alpha ordered and received a print of the motion picture from Rank Film Laboratories ("Rank"), the custodian of the motion picture's negative, in London, England. Alpha's representative assured Rank that it had a contract authorizing access with Star Media Sales, acting

1. Subject matter jurisdiction is proper if the copyright law question appears on the face of the complaint. *Cf. Hunter v. United Van Lines,* 746 F.2d 635, 639 (9th Cir.1984) (case "arising under" federal law (28 U.S.C. § 1331)), *cert. denied,* — U.S. —, 106 S.Ct. 180, 88 L.Ed.2d

150 (1985). The relevant facts, therefore, are those alleged in Starr's complaint. The district court's recitation of uncontroverted facts is the only other source of information in the case; the case was dismissed before Twin filed an answer.

as an agent for Twin. Alpha subsequently reproduced the motion picture and distributed some 400 video cassettes of it in Sweden or the United Kingdom, or both.

Before February 17, 1984, through means not clear in the record, Alpha was told to and did stop distribution of the motion picture. As a result of the unauthorized distribution, however, another English distributor backed out of a pending distribution deal with Starr for the motion picture, causing a substantial loss to Starr.

On July 10, 1984, Starr filed the present action seeking damages and injunctive relief. Before answering the complaint, Twin moved for dismissal or in the alternative for summary judgment or for a more definite statement of facts. On February 7, 1985, the district court granted Twin's motion and dismissed the action for lack of subject matter jurisdiction. Starr timely appealed, and the case is properly before this court under 28 U.S.C. § 1291 (1982). *See also* 28 U.S.C. § 1295 (1982).

## SUBJECT MATTER JURISDICTION

■ Subject matter jurisdiction presents a question of law, reviewable de novo by this court. *Clayton v. Republic Airlines, Inc.,* 716 F.2d 729, 730 (9th Cir.1983). District court subject matter jurisdiction over copyright cases is grounded in 28 U.S.C. § 1338(a), which provides in pertinent part:

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights..... Such jurisdiction shall be exclusive of the states in ... copyright cases.

The "Act of Congress relating to ... copyrights" is the Copyright Act of 1976, Pub.L. No. 94–553, 90 Stat. 2541 (1976), codified at Title 17 of the United States Code. Section 106 of that title, 17 U.S.C. § 106 (1982), provides in relevant part:

[T]he owner of copyright under this title has the *exclusive rights* to do and *to authorize* any of the following:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based on the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; and

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly. [emphasis added]

Section 501 of the Copyright title, 17 U.S.C. § 501 (1982), provides in relevant part:

(a) Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118 ... is an infringer of the copyright.

(b) The legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of any particular right committed while he or she is the owner of it.

■ In general, United States copyright laws do not have extraterritorial effect. *See Robert Stigwood Group, Ltd. v. O'Reilly,* 530 F.2d 1096, 1101 (2d Cir.), *cert. denied,* 429 U.S. 848, 97 S.Ct. 135, 50 L.Ed.2d 121 (1976). As a result, infringing actions that take place entirely outside the United States are not actionable in United States federal courts. *Id.*

■ In the present case, Starr's complaint alleges that Twin infringed Starr's copyright by authorizing Alpha to exhibit the motion picture without Starr's consent. In effect, the complaint contends that Twin's execution of the contract purporting to license Alpha to exhibit the motion picture constitutes "authorization" under § 106.[2] This states a cause of action under

2. Twin argues that the authorization, if any,      actually occurred during the negotiation of the

the plain language of 17 U.S.C. §§ 106 and 501, quoted above. As the Supreme Court has noted:

> [A]n infringer is not merely one who uses a work without authorization by the copyright owner, but also one who authorizes the use of a copyrighted work without actual authority from the copyright owner.

*Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417, 104 S.Ct. 774, 785 n. 17, 78 L.Ed.2d 574 (1984).

Starr's complaint also suggests that the illegal authorization occurred in the United States. Although the complaint does not specifically allege the place of authorization, a copy of the Twin-Alpha contract attached to the complaint states on its face that the contract was executed in Los Angeles on June 10, 1983.

The briefs for both sides make much of the issue of Twin's vicarious liability as a "contributory infringer," citing, *inter alia, Robert Stigwood Group, Ltd. v. O'Reilly,* 530 F.2d 1096 (2d Cir.), *cert. denied,* 429 U.S. 848, 97 S.Ct. 135, 50 L.Ed.2d 121 (1976), and *Shapiro, Bernstein & Co. v. H.L. Green Co.,* 316 F.2d 304 (2d Cir.1963). Under the old copyright law, which did not specifically state that the copyright holder had the exclusive right to *authorize* use of the copyrighted work, courts came to mixed conclusions about how much involvement in infringing was necessary to subject a defendant to liability for an infringement.

■ This confusion does not exist, at least in the circumstances presented here, under the language of the new law, which was intended to remove the confusion surrounding contributory and vicarious infringement. *See* H.Rep. 1476, 94th Cong., 2d Sess. 61, *reprinted in* 1976 U.S.Code Cong. & Admin.News 5659, 5674. Although Twin's involvement with the duplication and distribution and its ability and attempts to stop Alpha may have some effect on the amount of damages for which it is liable, its authorization of the motion picture's use, standing alone, is sufficient to confer subject matter jurisdiction on the district court.

The district court therefore erred in concluding that "Plaintiff alleges only infringing acts which took place outside of the United States." Starr alleges that the execution of the contract illegally authorized use of the motion picture. That execution allegedly took place in the United States. The complaint therefore alleges an act of infringement within the United States. The cases prohibiting jurisdiction over extraterritorial infringements are inapposite, and the district court has subject matter jurisdiction under 28 U.S.C. § 1338(a).[3]

### CONCLUSION

The judgment of the district court is REVERSED and the case REMANDED for further proceedings.

---

agreement in France, and not at the execution of the written document. This is logically a question of fact, however, and not at issue here. The contract attached to the complaint purports on its face to give a license "hereby," and the complaint thus alleges an infringing authorization under § 106.

**3.** Starr also argues that jurisdiction arises in federal district court under the Universal Copyright Convention. In light of our conclusion that United States copyright law alone adequately confers subject matter jurisdiction, we need not address this issue.

For the same reason we need not reach Starr's assertion that the district court abused its discretion in denying it leave to amend its complaint.