P & D INTERNATIONAL, a Cayman Island Company, Plaintiff,

v.

HALSEY PUBLISHING COMPANY, a Florida corporation; and Cunard N.A.C. Lines, a/k/a Cunard Line Limited, a United Kingdom Corporation, Defendants.

No. 86–2420–Civ.

United States District Court, S.D. Florida.

Nov. 4, 1987.

Curtis Carlson of Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, Fla., for P & D Intern.; Marvin Feldman and David O'Brien, of counsel.

John Barrett, Barrett & Rogers, Miami, Fla., for Halsey Pub.; William Flynn, of counsel.

Thomas Spencer, Spencer, Bernstein, Selmann & Klein, Miami, Fla., for Cunard.

## AMENDED ORDER DENYING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

EDWARD B. DAVIS, District Judge.

THIS CAUSE came before the Court on Defendant, CUNARD N.A.C. LINES, a/k/a Cunard Line Limited's (hereinafter "CUNARD") Motion to Dismiss the Complaint, and Defendant, HALSEY PUBLISHING COMPANY's (hereinafter "HALSEY") Joinder in said Motion, Plaintiff P & D INTERNATIONAL's (hereinafter "P & D") Memorandum in Opposition, and CUNARD's Reply thereto. Also pending before the Court is P & D's Motion to Strike Portions of CUNARD's Reply and Alternative Motion for Extension of Time to Conduct Discovery and Respond Thereto or to Strike Summary Judgment Motion, CUNARD's Opposition and P & D's Reply.

### I. FACTUAL SUMMARY

P & D is a Cayman Islands corporation with its principal place of business in George Town, Grand Cayman, Cayman Islands. P & D publishes magazines, films and videotapes, and sells advertising principally for use on cruise ships in the Caribbean Sea.

Defendant CUNARD is a United Kingdom corporation with its principal place of business in New York. CUNARD's cruise ships sail in and of the Port of Miami and CUNARD otherwise conducts business in Florida. Defendant HALSEY is a Florida corporation and its principal place of business is this state.

On November 25, 1986, P & D filed a Complaint alleging that Defendants CUNARD and HALSEY committed acts of copyright infringement, unfair competition, and misappropriation.[1] The Complaint alleges that prior to August 1980, P & D created, wrote, and filmed an original audio-visual work (hereinafter referred to as

---

1. On February 13, 1987, this Court issued an Order dismissing the state claims of unfair competition and misappropriation, as these claims are preempted by federal copyright law. *See* 17 U.S.C. § 301(a).

the "St. Thomas Film") about the Island of St. Thomas, B.V.I. The St. Thomas Film was allegedly shown on CUNARD cruise ships approximately 80 times a year during 1981, 1982, and 1983, pursuant to an agreement between P & D and an entity called Joint Marketing and Publishing Services Limited ("JMP"), CUNARD's advertising agency. Peter Savill Affidavit at 2. According to P & D President, Peter Savill, the agreement provided that P & D would pay CUNARD through JMP a fee of 200 British pounds per cruise for the showing of the St. Thomas Film. Savill Affidavit at 2.

CUNARD Vice–President, Michael Siavage, claims that the arrangement between JMP and CUNARD specified that CUNARD would have all ownership rights in the St. Thomas Film. Siavage Affidavit at 2. Siavage further states that JMP entered into a sub-contract agreement with P & D in connection with its production of the St. Thomas Film. Siavage Affidavit at 2. CUNARD severed all contractual relations with JMP in 1983 and subsequently entered into a Publisher's Agreement with HALSEY. Siavage Affidavit at 3. According to Siavage, it was in the course of HALSEY's work to produce a movie about St. Thomas that HALSEY received from CUNARD a copy of the St. Thomas Film. Count I of the Complaint alleges that HALSEY created, produced, and filmed two infringing audio-visual works in which, without P & D's prior knowledge or consent, substantial portions of the St. Thomas Film were copied.

P & D President Savill contends that after the relationship between CUNARD and P & D ended in or about 1983, P & D requested that CUNARD return all copies of the St. Thomas Film. Savill Affidavit at 3. Savill further states that CUNARD complied, but at the time of the filing of this suit, was still showing the St. Thomas Film or parts of it on its cruises, and that consequently CUNARD must have covertly kept one copy. Savill Affidavit at 3. P & D's Complaint alleges that CUNARD has been performing and displaying on its cruise ships, without P & D's consent, the work produced by HALSEY.

On June 11, 1986, P & D secured exclusive rights and privileges in and to the St. Thomas Film in compliance with United States copyright law.

## II.  DISCUSSION

In an earlier motion to dismiss, HALSEY successfully argued that the misappropriation and unfair competition claims could not be raised in this proceeding because they were preempted by federal copyright law. In this proceeding, Defendants seek to have the copyright infringement count dismissed on three grounds: (1) lack of subject matter jurisdiction; (2) *forum non conveniens;* and (3) failure to join an indispensable party. In its Reply Memorandum in Support of the Motion to Dismiss, CUNARD raises as an additional ground for dismissal that P & D is not the copyright owner in the Film, but rather, that CUNARD is by virtue of the "work for hire" doctrine. CUNARD asks the Court to treat this fourth argument as a motion for summary judgment. P & D has moved to strike this "motion" for summary judgment. All four arguments are addressed below.

### A.  *Subject Matter Jurisdiction*

P & D's Complaint alleges that this action arises under the United States Copyright Act, United States Code, Title 17, Sections 101, 102 and 104(a), and the Universal Copyright Convention, Paris Act of 1974, as ratified by the United Kingdom on July 10, 1974. CUNARD argues that this Court lacks subject matter jurisdiction because: (1) the claim against CUNARD does not "arise under" U.S. copyright law; (2) even if the claim arises under the United States Copyright Act, U.S. copyright law has no extraterritorial effect; and (3) the Universal Copyright Convention cannot expand the territorial reach of U.S. law.[2]

---

2. The first and third arguments with respect to lack of subject matter jurisdiction summarized above are raised for the first time in CUNARD's Reply memorandum. (Under Local Rule 10, a reply memorandum "shall be strictly limited to

### 1. "Arising Under" the United States Copyright Act

CUNARD asserts that because ownership of the copyright is the fundamental controversy here, the suit is not one "arising under" the Copyright Act within the meaning of 28 U.S.C. § 1338(a). CUNARD's Reply memorandum at 3. CUNARD provides the Court with a quotation from *Topolos v. Caldeway,* 698 F.2d 991 (9th Cir.1983), as controlling. A reading of the quoted passage appears to hold that where a court is asked to determine ownership or contractual rights, jurisdiction must be declined. The quotation reads as follows:

> Generally, courts decide whether a case arises under the copyright laws by focusing on the nature of the principal claim asserted by the plaintiff. As the district court summarized in *Royalty Control Corp. v. Sanco, Inc.,* 175 U.S.P.Q. 641, 642 (N.D.Cal.1972):
>
> > If that claim involves copyright infringement or other matter directly related to the interpretation and enforcement of the Copyright Act, jurisdiction has been upheld. On the other hand, where it has been determined that the claim is essentially for some common law or state-created right, most generally for a naked declaration of ownership or contractual rights, jurisdiction has been declined, even though the claim might incidentally involve a copyright or the Copyright Act.
>
> Courts have directed inquiry to what they have variously described as the "primary and controlling purpose" of the suit, the "principal issue," the "fundamental controversy," and the "gist" or "essence" of the plaintiff's claim. *Wooster v. Crane & Co.,* 147 F. 515, 516 (8th Cir.1906); ....

In its Motion to Strike this Reply, P & D does not address this issue or the subject quote.

Although in *Topolos* the court did state that jurisdiction is declined where the "fundamental controversy" is ownership of the copyright, immediately following the language quoted by CUNARD the court acknowledged:

> *However,* the district court erred in concluding it lacked jurisdiction because it was first required to resolve a threshold question of copyright ownership which in turn called for interpretation of a contract.... In our opinion the district court *erred* ... [for] ownership of the copyright is a threshold question but is not the principal question here.

*Id.* at 994 (emphasis supplied).

■■■ In infringement actions, ownership of a valid copyright and copying by the defendant are elements the plaintiff must prove. *See Peay v. Morton,* 571 F.Supp. 108, 113 (M.D.Tenn.1983) (jurisdiction lacking where paramount purpose of complaint was to secure an interpretation of conflicting assignments). In the present case, a declaration of ownership in the St. Thomas Film is merely a threshold inquiry, and not the essence of P & D's claim. P & D owns a copyright to the St. Thomas Film; it only asks that the Court determine whether Defendants infringed its copyright. For this reason, the Court finds that this case does "arise under" U.S. copyright law.

### 2. Extraterritorial Reach of U.S. Copyright Law

■■■ As a general rule, U.S. copyright law has no extraterritorial effect and cannot be invoked to secure relief for acts of infringement occurring outside the United States. *See Robert Stigwood Group, Ltd. v. O'Reilly,* 530 F.2d 1096, 1100–01 (2d Cir.1976), *cert. denied,* 429 U.S. 848, 97 S.Ct. 135, 50 L.Ed.2d 121 (1976) (at minimum, an act of infringement inside the United States is required to hold a defendant accountable for related infringing acts occuring outside the country). However, to the extent that part of an "act" of infringement occurs within this country, although such act be completed in a foreign jurisdiction, those who contributed to the act within the United States may be liable under U.S. copyright law. 3 M. Nimmer,

rebuttal of matters raised in the memorandum and opposition....").

*Nimmer on Copyright,* Section 17.02 at 17–5.

█ P & D alleges and HALSEY admits that HALSEY copied the Film in Florida at the behest of CUNARD. Seymour Gerber Affidavit. If P & D's ownership interest is upheld, such an act would constitute an infringement under 17 U.S.C. § 106 (1976). As P & D maintains, the subsequent performances of the Film on the CUNARD cruise ships en route to the Island of St. Thomas would then simply be additional infringements of the Film.

The case of *Peter Starr Production Co. v. Twin Continental Films, Inc.,* 783 F.2d 1440 (9th Cir.1986) is factually apposite. In *Peter Starr,* the complaint alleged that defendant infringed plaintiff's copyright in a motion picture by authorizing a third party to exhibit the movie without plaintiff's consent. *Id.* at 1442. The complaint also suggested that the illegal authorization occurred in the United States, although the remaining infringing acts took place in Sweden or the United Kingdom, or both. *Id.* at 1442, 1443. The trial court in *Peter Starr* dismissed the complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1338(a) (1982), finding that no infringement had occurred in the United States. *Id.* at 1441.

The Ninth Circuit reversed because the complaint alleged infringement inside the United States, and therefore, case law prohibiting jurisdiction over extraterritorial infringements was inapplicable. *Id. Cf. Ahbez v. Edwin H. Morris & Co., Inc.,* 548 F.Supp. 664, 667 (S.D.N.Y.1982) (court lacked subject matter jurisdiction where complaint failed to allege the occurrence of infringing acts in the United States).

Because an infringing act is alleged to have occurred in the United States, this Court has subject matter over P & D's claims.

### 3. *Universal Copyright Convention*

Defendants also maintain that this Court lacks subject matter jurisdiction over the infringing activity alleged to have occurred in the CUNARD vessels. CUNARD argues that the Universal Copyright Conven-

tion cannot expand the territorial reach of the Copyright Act for the exclusive benefit of foreign nationals. Given this Court's conclusion tht United States copyright law adequately confers subject matter jurisdiction, the Court need not address this last jurisdictional question. *Peter Starr,* 783 F.2d 1440, 1443, n. 3.

### B. *Forum Non Conveniens*

"The doctrine of *forum non conveniens* authorizes a trial court to decline to exercise its jurisdiction, even though the court has venue, where it appears that the convenience of the parties and the court, and the interests of justice indicate that the action should be tried in another forum." *Sibaja v. Dow Chemical Co.,* 757 F.2d 1215, 1218 (11th Cir.1985), *cert. denied,* 474 U.S. 948, 106 S.Ct. 347, 88 L.Ed.2d 294 (1985). *See also Koster v. Lumbermens Mutual Casualty Company,* 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067. "Dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 249, 102 S.Ct. 252, 262, 70 L.Ed.2d 419 (1981).

█ A prerequisite to dismissal of a case for *forum non conveniens* is the availability of an alternative forum. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). Here it is undisputed that the United Kingdom is a forum available to P & D to prosecute this case. CUNARD is a United Kingdom corporation and HALSEY has represented that it would submit to the jurisdiction of any forum to which this cause is transferred. *See* HALSEY's Joinder in CUNARD's Motion to Dismiss. CUNARD and HALSEY both maintain that trial of this action would be more convenient in the United Kingdom. P & D has not brought forth any evidence to indicate that it would be treated unfairly in the United Kingdom or that it would be deprived of all remedies. *See In Re Air Crash Disaster Near New Orleans, Loui-*

*siana,* 821 F.2d 1147, 1165 (5th Cir.1987) (*en banc*); *Reyno,* 454 U.S. at 255, 102 S.Ct. at 265. Thus, the United Kingdom would be an appropriate forum were this cause to be conditionally dismissed.

■ In weighing the relative advantages and obstacles to a fair trial in this forum and the United Kingdom, the Court is instructed to consider specific "private interest" and "public interest" factors in exercising its discretion. *Gilbert,* 330 U.S. at 507, 508, 67 S.Ct. at 843. Controlling weight cannot be given any one factor in the balancing process. *La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir.1983).

■ The private interest factors include the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining the attendance of witnesses, the possibility of a view of the premises, the enforceability of a judgment if one is obtained, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843; *Sigalas v. Lido Maritime, Inc.,* 776 F.2d 1512, 1519 (11th Cir.1985).

An analysis of the private interest factors requires that dismissal be denied. Initially, the Court notes that HALSEY did not raise the issue of *forum non conveniens* in a timely manner. *See In Re Air Crash Disaster,* 821 F.2d at 1165, n. 30 ("timeliness of the motion is one of the private 'practical problems' to be considered under the *Gulf Oil* and *Reyno* principles"). Rather, HALSEY sought and obtained a dismissal of two counts in P & D's Complaint before ever raising inconvenience as a defense. Such dilatoriness "promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve." *Id.* at 1165.

CUNARD contends that all of the witnesses it would seek to produce in this action are in England or New York. CUNARD marketing and passenger service department documents are apparently located in the United Kingdom or in New York. Conversely, most, if not all of HAL-SEY's and P & D's witnesses and records are either in this district or presumably near, on the island of Grand Cayman. The cost of providing for the attendance of necessary witnesses in the United Kingdom appears then to exceed the cost of obtaining the attendance of these same witnesses in this country. Thus, on the factors bearing upon access to sources of proof, convenience dictates that this action remain where it is.

The remaining private interest factors also favor P & D. There is no accident site or view appropriate to this action. The enforceability of a judgment if one is obtained appears to be more readily available in this forum, as the Court has jurisdiction over HALSEY and CUNARD, whereas the United Kingdom only has jurisdiction over one party, CUNARD. In light of these variables, trial will be more expeditious in this district.

In addition to the above private interest factors, the Court must consider the *Gulf Oil* public interest factors. These public interest factors include the administrative difficulties flowing from court congestion, the unfairness of burdening citizens in an unrelated forum with jury duty, the local interest in having localized controversies decided at home, and the difficulties attendant in resolving conflicts-of-laws problems and applying foreign law. *Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. at 843; *Sigalas,* 776 F.2d at 1519.

It is well recognized that the Southern District of Florida is a heavily congested federal district. However, this forum has a direct interest in this litigation. The initial allegedly infringing act occurred in this forum, and continued to be repeated on a vessel sailing to and from the Port of Miami. It is the people of South Florida who, of any potential jurors, have the most relation to this litigation. Certainly no acts of infringement are alleged to have taken place in or near the United Kingdom.

Finally, although foreign law will in all likelihood have to be applied to part of this action, as the Court has previously stated, U.S. copyright law certainly applies to this action. This country has a strong interest in protecting valuable property interests

especially where infringements within United States borders are alleged. The application of foreign law does not amount to such a problem warranting dismissal.

■ Although a foreign plaintiff's choice of forum is entitled to less deference than the choice of a local plaintiff, dismissal on *forum non conveniens* grounds is the exception rather than the rule. *In Re Air Crash,* 821 F.2d at 1164, n. 26, citing Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3828 at 291–92 (2d ed. 1986); *Piper Aircraft,* 454 U.S. at 256, 102 S.Ct. at 266. Because the majority of the significant contacts in this case are in Florida, retention of this case is warranted.

### C. *Indispensable Party*

CUNARD maintains that its relationship to JMP, HALSEY's predecessor, was such that any copyright in any film produced pursuant to that relationship was a "work for hire" and sole property of CUNARD. Thus, CUNARD's position is that JMP is an "indispensable party" to this litigation.

■ The Court has the discretion whether or not to require joinder of a person having or claiming an interest in a copyright. 17 U.S.C. § 501(b); M. Nimmer, *Nimmer on Copyright,* § 12.03 at 12–32 (1987). "[J]oinder should occur if an issue is raised as to the validity of the copyright upon which the rights of the person to be joined, as well as those of the plaintiff, rest." M. Nimmer § 12.03 at 12–32.1. *Cf. Wales Indus. Inc. v. Hasbro Bradley, Inc.,* 612 F.Supp. 510, 517 (S.D.N.Y.1985) (joinder should not be required if the only issue is whether the defendant engaged in unlawful copying). Moreover, where the party to be joined is merely a member of the distribution chain, the victim of copyright infringement may sue as many or as few of the alleged wrongdoers as he chooses. *Costello Publishing Co. v. Rotelle,* 670 F.2d 1035, 1043 (D.C.Cir.1981) citing *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.,* 647 F.2d 200 (D.C.Cir.1981) (suit for infringement is analogous to tort action and infringers are jointly and severally liable; those left out of the lawsuit are not indispensable parties).

■ Under the foregoing standard, the Court finds that joinder of JMP is not necessary. At no time has CUNARD asserted that JMP has or claims an interest in the St. Thomas Film. Instead, CUNARD maintains that it owns the St. Thomas Film by virtue of its relationship to JMP. JMP is thus possibly an infringer or merely a witness for the defense, and any discovery sought from JMP or any other foreign parties may be effectuated through letters rogatory under Fed.R.Civ.P. 28(b).

Furthermore, CUNARD has not shown how or why it may be subjected to multiple suits if JMP is not joined as a party defendant. CUNARD's argument that any victory for P & D could give rise to the same claim of right on JMP's part respecting CUNARD's use of what would be the newly-unprotected work is unpersuasive. An adjudication by this Court that P & D is the rightful owner of the St. Thomas Film could hardly encourage JMP to attempt to establish ownership rights in that Film.

The preliminary issue of copyright ownership may be determined without the need of joinder of what is in truth merely a witness for CUNARD.

### D. *Work For Hire*

The Siavage Affidavit states that the agreement between CUNARD and JMP provides that CUNARD will have all ownership rights in the St. Thomas Film and that therefore it is a "work for hire" within the meaning of the U.S. copyright laws. A "work made for hire" is

(1) a work prepared by an employee within the scope of his or her employment; or

(2) a work specially ordered or commissioned for use as a contribution to a collective work, as a translation, as a supplementary work, as a compilation ... if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire....

17 U.S.C. § 101.

■ In its Reply memorandum in support of its Motion to Dismiss, CUNARD presents the argument that summary judg-

ment should be entered against P & D due to P & D's failure to proffer any facts concerning the alleged work for hire relationship between CUNARD and JMP. P & D moved to strike this "motion" for summary judgment, and quite properly so. It is highly improper to use a reply memorandum to convert a proceeding for dismissal on jurisdictional, venue, and indispensable party grounds to a motion for an adjudication on the merits. Summary judgment situations should not be created in reply memoranda, for under this Court's Local Rules, the nonmoving party has no further opportunity to respond. This work for hire argument is an affirmative defense and may be raised by CUNARD in that manner.

Nevertheless, in the interests of judicial economy, this Court has reviewed the summary judgment papers.[3] Because the Savill Affidavit raises material issues of fact which are in dispute, summary judgment is not warranted.

In light of the foregoing, it is hereby ORDERED AND ADJUDGED that the Motion to Dismiss and the Motion to Strike are DENIED.

---

3. P & D's Motion to Strike and the papers responsive to it are in essence a summary judg-    ment proceeding.