967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clifford J. JOHNSON, Plaintiff-Appellant,
v.
WHITE; Merrill; Strankman, Defendants-Appellees,
and
The BANK OF AMERICA, Real-Party-in-Interest.
 No. 91-16626.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clifford J. Johnson appeals pro se the district court's sua sponte dismissal of his action seeking judicial review of a prior state court proceeding which Johnson alleged violated his constitutional rights under the fourteenth amendment. The district court dismissed the action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Peter Starr Prod. Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986), and affirm.[1]
 
 
 3
 The United States district courts have subject matter jurisdiction over general challenges to rules promulgated by state courts in nonjudicial proceedings which do not require a review of a final state court judgment in particular cases. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). " 'As courts of original jurisdiction, however, they do not have jurisdiction over direct challenges to final decisions of state courts, even if those challenges allege that the state court's action was unconstitutional.' " Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989) (quoting Feldman, 460 U.S. at 486). This rule applies even though the direct challenge may be anchored to alleged deprivations of federally protected due process and equal protection rights. Feldman, 460 U.S. at 485; Allah, 871 F.2d at 891. The proper court in which to obtain a direct review of state-court determinations is the United States Supreme Court. 28 U.S.C. § 1257(a); Allah, 871 F.2d at 891.
 
 
 4
 Here, Johnson requested the district court to declare void an adverse judgment by the California Court of Appeals in his wrongful termination and defamation action. Because Johnson requested the district court to conduct a direct review of the various rules and procedures in his state court case, the district court lacked subject matter jurisdiction over his complaint. See Allah, 871 F.2d at 890. Accordingly, the district court properly dismissed the action.[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 An order dismissing a complaint is not generally a final appealable order. Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984). If, however, as here, the district court made it clear that it intended to dispose of the entire action because it could not be saved by amendment, it may be considered final and appealable. See id
 
 
 [2]
 Because the district court properly dismissed the action for lack of subject matter jurisdiction, we do not reach the issue of whether judicial immunity shields the state court judges from liability