977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John L. DEBBS, Plaintiff-Appellant,
v.
David P. MASTAGNI; Mastagni, Holstedt, Chiurrazi and
Curtis; Fred A. Ferguson, Presiding Judge; Alan
Porterfield, Judge; Sierra Vista Hospital; John Hamilton,
Doctor; George O'Brien, Doctor; John Buehler, Doctor;
Lewis Lassetter, Francis Abi-Nader and Dorothy Driffill,
Defendants-Appellees.
 No. 91-16864.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 30, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John L. Debbs appeals pro se the district court's dismissal of his action for lack of jurisdiction. The district court found that Debbs was essentially seeking judicial review of a state court proceeding which affirmed the California Workers' Compensation Appeals Board ("WCAB") decision declaring Debbs incompetent and appointing a legal guardian for him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of jurisdiction. Peter Starr Prod. Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986). We affirm.
 
 
 3
 A United States district court "has no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986) (citing, inter alia, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)). The proper place to seek such review is the United States Supreme Court. 28 U.S.C. § 1257; McNair, 805 F.2d at 890. "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues." McNair, 805 F.2d at 891. The test is whether the claims brought in federal court are "intextricably intertwined" with the state court's decision, such that a decision by the federal court would require reviewing the propriety of the state court decision. Id. at 892 (citing Feldman, 460 U.S. at 483-84 n. 16).
 
 
 4
 Here, Debbs requested the district court to declare that his incompetency hearing before the WCAB failed to comport with constitutional due process. Although, Debbs named additional defendants as co-conspirators in his action, his federal complaint reiterated the issues presented and ruled on in state court. Because Debbs's two actions are so inextricably intertwined, any review in federal court would inevitably force us to review the propriety of the state court decision. See id. Accordingly, the district court properly dismissed Debbs's complaint for lack of subject matter jurisdiction.[1] Id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Debbs's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, even assuming this court had jurisdiction, it appears that Debbs's action would be barred by res judicata. See Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir.1990) (issues that were or could have been litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal civil rights suit as they enjoy in the courts of the state where the judgment was rendered). Thus, "[u]nder the rubric of either 'jurisdiction' or 'res judicata,' the crux of the question is whether there has already been consideration of and a decision on the issue presented." McNair, 805 F.2d at 892 (quoting Robinson v. Ariyoshi, 753 F.2d 1468, 1472 (9th Cir.1985))