977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elizabeth E. JOHNS, Plaintiff-Appellant,
v.
DUFNER CATERING CENTER, A New Jersey Corporation; John
Dufner, Defendants-Appellees.
 No. 90-16390.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 30, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elizabeth E. Johns appeals pro se the district court's dismissal of her case for lack of subject matter jurisdiction. We review de novo the existence of subject matter jurisdiction. Peter Starr Prod. Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986). We affirm.
 
 
 3
 Johns brought her action in district court asserting diversity jurisdiction under 28 U.S.C. § 1332. In her complaint, Johns asserted that the defendants failed to comply with the conditions of $50,000 mortgage note by refusing to pay her $7.14 with interest from May 2, 1977, $507.14 with interest from July 2, 1989, and $25,322.59 with interest from April 2, 1986. The district court found that Johns had failed to establish that the amount in controversy exceeded $50,000 the amount established under section 1332 for diversity jurisdiction and dismissed the case.
 
 
 4
 Section 1332 provides that the district courts shall have jurisdiction in civil actions where the amount in controversy exceeds $50,000 exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332. The party seeking to invoke the jurisdiction of the federal courts has the burden of proving that the jurisdiction amount has been met. See Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 355 (1961) (amount in controversy is decided from the complaint itself).
 
 
 5
 Here, John's complaint failed to establish that the amount in controversy exceeded $50,000.[1] Accordingly, the district court properly dismissed Johns's action for failure to establish diversity jurisdiction.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny John's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Johns alleges that the amount in controversy exceeds $50,000 because the note was secured by property valued at $135,000. This contention lacks merit, because the value of the property used as collateral for the loan did not effect the actual amount in controversy
 
 
 [2]
 Moreover, according the records submitted by Johns, it appears that defendants awarded Johns approximately $26,000 in New Jersey superior court on May 25, 1990, and that the court subsequently cancelled and discharged of record the mortgage