983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allison CHAPMAN, Plaintiff-counter-defendant-Appellant,
v.
CHAPARRAL MOBILE VILLAGE ASSOCIATES; Chaparral Mobile
Village; M.H. Financing, Inc.; Louis Arevelo, husband;
Sandra Frint, wife; Alpine Mobile Homes; Jane Doe Arevelo,
wife; John Doe Frint, husband, Defendants-Appellees.
Christopher Francis; Jane Doe Francis,
Defendants-counter-claimants-Appellees.
 No. 92-15839.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.
Decided Jan. 12, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allison Chapman appeals pro se the dismissal of his civil rights action alleging fraud in connection with the lease of his mobile home. The district court found that Chapman failed to establish either federal or diversity jurisdiction. We review de novo a district court's dismissal on jurisdictional grounds. Peter Starr Prod. Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986). We affirm.[1]
 
 
 3
 Under 28 U.S.C. § 1332, diversity jurisdiction is established when each defendant is a citizen of a different state from each plaintiff. Dolch v. United Cal. Bank, 702 F.2d 178, 181 (9th Cir.1983); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). The record reveals that Chapman failed to establish diversity jurisdiction. In his complaint, Chapman alleged that he was a resident of Arizona and that defendants were "corporations, and or partnerships and or other entities transacting business in ... Arizona." In his motion in opposition to defendants motion to dismiss, Chapman failed to challenge defendants contention that the court lacked diversity jurisdiction because all the parties were citizens of the same state. Rather, he responded that he was seeking jurisdiction pursuant to the civil rights statutes rather than the diversity statute. Finally, in his unfiled amended complaint seeking to add an additional defendant, apparently an Arizona resident, Chapman alleged for the first time that the defendants were corporations doing business both in Arizona and California. Under these circumstances, the district court properly dismissed the action for lack of diversity jurisdiction. See Dolch, 702 F.2d at 181; Owen Equip., 437 U.S. at 373-74.
 
 
 4
 Chapman's contention that jurisdiction was established pursuant to 42 U.S.C. § 1983 lacks merit. To establish a section 1983 claim, the plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. 42 U.S.C. § 1983; Parrat v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). A private party is liable under 42 U.S.C. § 1983 when it has conspired with state actors to violate the plaintiff's constitutional rights. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Here, Chapman's contention that the defendant's attorney is a state actor and that previous state court proceedings involving the lease dispute established the requisite state action is without legal basis. See Polk v. County of Dodson, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel); Lugar v. Edmonson Oil Co., 457 U.S. 922, 930 (1982) ("without a limit on [who qualifies as a state actor], private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them"); Dennis v. Sparks, 449 U.S. 24, 28 ("merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").
 
 
 5
 Chapman also has failed to establish federal jurisdiction pursuant to 42 U.S.C. § 1985, because he failed to allege any class-based animus on the part of the defendants. See Griffen v. Brekenridge, 403 U.S. 88, 102-03 (1971).[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court on jurisdictional grounds, we do not reach the merits of Chapman's claim that the arbitration agreement between him and the defendants was invalid
 
 
 [2]
 Moreover, because the deficiencies in Chapman's complaint could not be cured by amendment, the district court did not abuse its discretion by denying Chapman's motion for leave to amend to add additional defendants. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987)