993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John LUCKETT, Plaintiff-Appellant,
v.
Sheri Lynnea ROSENTHAL; Breidenbach, Crispo, Swainston &
Way; James Maxwell Smathers; Jim Smathers
Cypress Nissan, Inc.; Brennan &
Associates; Dena Yvette
Weiman, et al.,
Defendants-
Appellees.
 No. 92-55639.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 21, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Luckett appeals pro se the dismissal of his action alleging fraud in connection with (1) his purchase of an automobile from one of the defendants and (2) a state court decision vacating a default judgment in favor of Luckett against some of the defendants. The district court found that it had no subject matter jurisdiction over the action. We review de novo a district court's dismissal on jurisdictional grounds. Peter Starr Prod. Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986). We affirm.
 
 
 3
 In his complaint, Luckett did not state a basis for the district court's jurisdiction. See Fed.R.Civ.P. 8(a)(1) (requiring "a short plain statement of the grounds upon which the court's jurisdiction depends"). The only federal statute Luckett cited was "Title 7," apparently referring to Title VII, 42 U.S.C. § 2000e et seq. Title VII governs claims of employment discrimination and does not provide a basis for federal subject matter jurisdiction in this case. See 42 U.S.C. § 2000e-2(a)(1).
 
 
 4
 On appeal, Luckett contends that the district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 42 U.S.C. § 1983. These contentions lack merit.
 
 
 5
 Under 28 U.S.C. § 1332, diversity jurisdiction is established if each defendant is a citizen of a different state from the plaintiff. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Teledyne v. Kone Corp., 892 F.2d 1404, 1408 (9th Cir.1990); Dolch v. United Cal. Bank, 702 F.2d 178, 181 (9th Cir.1983). The record reveals that Luckett failed to establish diversity jurisdiction. In his complaint, Luckett alleged that he was a resident of California and that at least one of the defendants was a corporation with its main place of business in California. Moreover, Luckett failed to challenge the contention by other defendants that there was no diversity jurisdiction. Thus, Luckett's action does not meet the diversity requirement for federal subject jurisdiction. See Owen Equip., 437 U.S. at 373-74; Teledyne, 892 F.2d at 1408; Dolch, 702 F.2d at 181.
 
 
 6
 Luckett's contention that federal question jurisdiction was established pursuant to 42 U.S.C. § 1983 also lacks merit.
 
 
 7
 Actions filed under section 1983 require state action. Merritt v. Mackey, 932 F.2d 1317, 1323 (9th Cir.1991). A private party is liable under section 1983 only if that party has conspired with state actors to violate the plaintiff's constitutional rights. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Here, the defendants are private parties. Moreover, their involvement with the previous state court proceedings concerning the sale of the automobile does not constitute state action. See Polk v. County of Dodson, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel); Dennis v. Sparks, 449 U.S. 24, 28 ("merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); Lugar v. Edmonson Oil Co., 457 U.S. 922, 930 (1982) ("without a limit on [who qualifies as a state actor], private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them").
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Luckett's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3