39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Perry A. McCULLOUGH, Plaintiff-Appellant,
v.
Claude G. BOBO, et al., Defendants-Appellees.
 No. 93-16838.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Perry McCullough appeals pro se the district court's dismissal of his action under 28 U.S.C. Sec. 1915(d) for lack of subject matter jurisdiction. McCullough contends that the district court erred by finding that McCullough failed to allege diversity jurisdiction or federal question jurisdiction under 42 U.S.C. Sec. 1985(3). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review a district court's dismissal of an action under section 1915(d) for an abuse of discretion. Denton v. Hernandez, 969 F.2d 752 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). We affirm only if the complaint lacks any arguable basis in law or fact. Nietzke v. Williams, 490 U.S. 319, 324 (1989). In particular, we review de novo the existence of subject matter jurisdiction. Peter Starr Prod. Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986). The district court's factual findings on jurisdictional issues are reviewed for clear error. Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir.1989).
 
 A. Diversity Jurisdiction
 
 4
 A plaintiff may invoke federal court diversity jurisdiction where each defendant is a citizen of a different state than each plaintiff. See 28 U.S.C. Sec. 1332(a); Inecon Agricorp. v. Tribal Farms, Inc., 656 F.2d 498, 500 (9th Cir.1981). The district court correctly concluded that there was no diversity jurisdiction because at the time he filed his complaint, McCullough and some of the defendants were citizens of California. See Inecon Agricorp., 656 F.2d at 500.[1]
 
 B. Section 1985(3)
 
 5
 To state a claim under 42 U.S.C. Sec. 1985(3), a plaintiff must allege, in part, a conspiracy "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992). In addition, the plaintiff must allege that the deprivation was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Id.; Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).
 
 
 6
 Here, McCullough alleged that he is a member of a "class of persons who stand indicted and incarcerated for drug crimes." Amended Complaint at 10. This is not a class warranting protection under section 1985(3). See McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990), cert. denied, 112 S.Ct. 2306 (1992). Accordingly, the district court properly ruled that McCullough had failed to state a claim under section 1985(3).
 
 
 7
 Because McCullough failed to allege either diversity or federal question jurisdiction after an opportunity to amend his complaint,[2] the district court properly dismissed his complaint and entered judgment.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that even if McCullough is, as he argues, a citizen of Nevada, there would still be no diversity jurisdiction because some of the defendants are citizens of Nevada
 
 
 [2]
 We note that before the district court gave McCullough the opportunity to amend his complaint, it properly pointed out its deficiencies, especially in regard to McCullough's failure to state a claim under 42 U.S.C. Sec. 1983. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Therefore, McCullough's assertion that the district court did not give him an opportunity to amend his complaint to state a section 1983 claim lacks merit